230 So.2d 40 (1970)
Nancy S. CARMODY, Appellant,
v.
Edward R. CARMODY, Appellee.
No. M-30.
District Court of Appeal of Florida. First District.
January 8, 1970.
*41 Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellant.
Victor E. Raymos and Charles W. Grant, Jacksonville, for appellee.
RAWLS, Judge.
Appellant-wife by this appeal from a final decree of divorce contends that the Chancellor erred in failing to grant her periodic alimony and in failing to award child support for two older children of the parties.
This couple had been married for more than twenty-one years when the divorce decree was entered. Three children were born of the marriage; the eldest, a son 20 years of age, whose disabilities of non-age have been removed, is a sophomore in college, and has approximately $3,000 in savings; a second son, 17 years of age, has a trust in the principal sum of $133,000 as a result of permanent injuries suffered in an automobile accident; and a third son, 8 years of age.
As to property, the parties' primary accumulation is a home purchased in 1962 for the sum of $36,000 by means of a $20,000 mortgage, which is still outstanding, and a $16,000 cash contribution of the wife's individual funds. Defendant-husband earned approximately $5,000 in 1966; $6,000 in 1967; and $10,000 in 1968. Supplementary proceedings as to temporary alimony pendente lite reveal that the husband's income for the first ten months in 1969 amounted to approximately $4,600. The wife worked and earned substantial sums during the last three years of her marriage, and her father made substantial gifts to her during the marriage. She contended that she is suffering from a nervous condition and stomach ulcer and is unable to work.
The trial judge awarded the wife custody of the children, $200 per month child support for the youngest child, sole ownership of the home and furnishings, and retained jurisdiction to enforce and modify the custody, visitation and child support provisions. The Court further found that plaintiff-wife possessed employment skills, that her nonpaid civic and social activities kept her out of the home and imposed more stress on her than employment would, and that periodic alimony was not justified under these circumstances.
As to the question of child support, we affirm. The oldest child was by operation of law, sui juris, and not entitled to parental support as a matter of law. As to the disabled 17-year-old child, the record reflects that the mother is receiving the monthly sum of $300 from the income of his trust estate, and such sum is ample for his support. As to the youngest child, it is not contended that the $200 monthly award is not adequate. We do not hold that the husband is relieved of all duty to support the disabled child. We do hold *42 that this record supports the Chancellor's order as to the question of child support.
We next consider the question raised as to periodic alimony. The uncontradicted evidence is that the wife is possessed of capital assets, while the husband is possessed only of debts. The wife's contention that she is unable to work is supported solely by her testimony. The Chancellor has found from the facts adduced before him that she was able to work prior to this controversy, and that she has engaged in physical and mental activities during the period of litigation which imposed more stress upon her than if she had procured gainful employment. Such conclusion is supported by the record.
At this stage of the cause the wife has demonstrated need of periodic alimony; however, there is no evidence supporting her contention that the husband has the ability to pay. In fact, the evidence is manifestly to the contrary. In addition to the payment of $2,400 per year child support, the husband has proven substantial personal indebtedness. His current annual income apparently will not exceed $6,000 per year which will leave him $3,600 per year for his personal living expenses, business expenses and income taxes. The wife has some independent resources together with $6,000 annual child support and the opportunity to become gainfully employed. Under these circumstances the Chancellor did not err in refusing to award periodic alimony. However, we do hold that the Chancellor erred in not retaining jurisdiction upon the subject of periodic alimony in order that at some date in the future the wife will not be deprived of the opportunity to show such change in circumstances as to her need and the husband's ability to pay so as to require a modification of the final decree in such respects.
Affirmed in part; reversed in part.
JOHNSON, C.J., and SPECTOR, J., concur.