MARGARET L. CALHOUN v. BYRON C. CALHOUN

No. 7018DC140

(Filed 1 April 1970)

1. **Husband and Wife § 12— modification of separation agreement — allegation that wife was under sedation — representation by counsel**

   Allegation by plaintiff wife that she was under sedation at the time she executed a separation agreement is insufficient to state a cause of action to modify or set aside the agreement where the wife admits that she was represented by counsel when the agreement was executed, since the presence of counsel negatives the inference or contention that she was incompetent to understand the arrangement and was ignorant of its terms and did not know what she was doing.

2. **Husband and Wife § 12; Pleadings § 19— demurrer — conclusions of pleader**

   Allegation that a separation agreement is not fair, adequate or equitable is a conclusion of the pleader and not admitted by demurrer.

3. **Appeal and Error §§ 42, 45— inclusion of separation agreement as "appendix" to brief**

   In this appeal from the allowance of defendant's demurrer in an action to modify a separation agreement, wherein the separation agreement was

not made a part of the record on appeal, defendant's inclusion of the separation agreement in his brief as an "appendix" thereto is not approved, and the Court will not consider defendant's argument that the deed of separation conforms to the requirements of G.S. 52-6.

**4. Divorce and Alimony § 23; Husband and Wife § 12— increase in child support payments — recovery of expenditures for child — sufficiency of allegations**

Allegations that the portion of a separation agreement relating to payments to plaintiff's child should be set aside and that plaintiff should recover of defendant at least $4500 expended by her for the child's support are insufficient to state a cause of action to modify the child support or to recover expenditures made for the child, where the complaint is silent as to any change in conditions necessitating increased support, and there are no facts alleged to support the necessity of any expenditures by plaintiff.

**5. Divorce and Alimony § 23; Husband and Wife § 11— separation agreement — inherent authority of courts to protect interests of minor children — record shows child has reached majority**

In this action to modify or set aside portions of a separation agreement, the principle that no agreement between the husband and wife will deprive the court of its inherent authority to protect the interests and provide for the welfare of minor children is of no avail to plaintiff where the record shows that the only child of the marriage was 23 years of age at the time the action was instituted.

APPEAL by plaintiff from *Kuykendall, J.,* 7 November 1969 Session of the General Court of Justice, District Court Division of GUILFORD County.

On 27 June 1969 plaintiff instituted an action by which she sought to have set aside that portion of a separation agreement providing for payments to her son who was a minor at the time of the separation, to modify that portion of the agreement providing for payments to her, and to recover at least $4500 expended by her for the son.

Her complaint alleged that she and defendant were married in 1936 and separated in 1959; that in 1962 they entered into a separation agreement; that at that time David Calhoun, their son, was 16 years of age; that the plaintiff "was not able to work at the time the deed of separation was signed, was in very poor health, nervous and was taking medicine regularly"; that the defendant was earning from $15,000 to $20,000 per year and that his salary has been increased considerably since that time; that the deed of separation provided that the defendant pay to plaintiff $300 per month, keep up the mortgage payments on the home owned by them as tenants by the entirety, and contained certain provisions with respect to life insur-

ance; that the deed of separation contained no provisions for payments to plaintiff for support of the minor son but required defendant to pay to the son $50 per month until he was 18 or until he entered college if he entered prior to becoming 18; that plaintiff was not advised by her counsel nor defendant's counsel that payments should be made to her and not to the son; that there has been no divorce between the parties; that even if the monthly payments to the son had been made to plaintiff, it would have been inadequate support; that "at the very time the deed of separation was executed, she (plaintiff) was in bad physical condition and was actually under sedation, and did not understand what she was signing; that her condition should have been observed by counsel for the plaintiff and counsel for the defendant"; "That the plaintiff has spent on behalf of their son, David Lee Calhoun, an average of $75.00 per month for a period of approximately five years which would amount to Four Thousand, Five Hundred and No/100 ($4,500.00) Dollars."

Defendant demurred to the complaint. Upon hearing on the demurrer and plaintiff's answer thereto, the court entered judgment sustaining the demurrer and dismissing the action. Plaintiff appeals to this Court, assigning as error the entry and signing of the judgment.

*William E. Comer for plaintiff appellant.*

*Block, Meyland and Lloyd, by A. L. Meyland, for defendant appellee.*

MORRIS, J.

[1] Plaintiff alleges that she was under sedation at the time she executed the agreement and did not understand what she was signing. Even if this were sufficient allegation of incompetency, it is admitted by her that she was represented by counsel. This is said in *Van Every v. Van Every*, 265 N.C. 506, 144 S.E. 2d 603 (1965), and approved in *McLeod v. McLeod*, 266 N.C. 144, 146 S.E. 2d 65 (1966):

> " 'The presence of able counsel for the wife at the conference resulting in a separation agreement, and at the time she executes and acknowledges a deed of separation, "negatives the inference or contention that she was incompetent to understand the arrangements, and was ignorant of its terms and did not know what she was doing, (citing authorities). . . ." ' *Joyner v. Joyner*, 264 N.C. 27, 140 S.E. 2d 714."

[2]   It is true that one of the requisites of a valid separation agreement is that it be reasonable, just, and fair to the wife — due regard being given to the condition and circumstances of the parties at the time. *Smith v. Smith,* 225 N.C. 189, 34 S.E. 2d 148 (1945). Plaintiff urges that she alleges in her complaint that the deed of separation is "neither adequate, fair nor equitable" and that the demurrer admits all of the allegations of the complaint. " 'The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of the *facts* contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom are also admitted, but the principle does not extend to the admissions of conclusions or inferences of law.' " (Citations omitted.) (Emphasis supplied.) *Smith v. Smith, supra.* The assertion that the agreement is not fair, adequate, or equitable is a conclusion of the pleader and not admitted by the demurrer.

[3]   The agreement itself is not a part of the record before us. Defendant has included it in his brief as an "appendix" thereto. This is not approved, nor do we consider defendant's argument that the deed of separation conforms to the requirements of G.S. 52-6. We have before us on this record only the complaint, the demurrer, and the answer thereto. The deed of separation is not made a part of any pleading. Plaintiff does not allege that it did not comply with the provisions of G.S. 52-6. Plaintiff does admit that the deed of separation was signed by the parties and is in effect until set aside or modified and that defendant has complied with its terms.

[4]   Plaintiff further contends that that portion of the agreement relating to payments to the son should be set aside and that she should recover of the defendant at least $4500 expended by her for the son's support. The complaint is silent as to any change in conditions necessitating increased support nor is there any allegation of facts to support the necessity of any expenditures by the plaintiff. In *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963), the Supreme Court, speaking through Denny, C.J., said:

> "However, we hold that where parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable. We further hold that the court upon motion for an increase in such allowance, is not warranted in ordering an increase in the absence of any evidence of a change in conditions or of the need for such increase, particularly when the increase

is awarded solely on the ground that the father's income has increased, therefore, he is able to pay a larger amount."

**[5]**   We note that at the time of the execution of the deed of separation, the minor son was 16 years of age. The terms of the agreement were that payments to him would continue until he reached 18 years of age or entered college, whichever event occurred first. Simple mathematics indicate that the son would be 23 years of age at the time of the institution of this action. Under these circumstances, the principle enunciated in *Thomas v. Thomas,* 248 N.C. 269, 103 S.E. 2d 371 (1958), that no agreement or contract between husband and wife will serve to deprive the court of its inherent authority to protect the interests and provide for the welfare of the minor children of the marriage — is of no avail to this plaintiff. We assume no action was brought on behalf of the son, during his minority, for support.

We conclude that the plaintiff has not stated a cause of action and the court's action in allowing the demurrer and dismissing the action was entirely proper.

Affirmed.

MALLARD, C.J., and VAUGHN, J., concur.