HENRY L. CROUCH, JR. v. HELEN JEAN CROUCH

No. 7214DC59

(Filed 29 March 1972)

1. **Divorce and Alimony § 23; Parent and Child § 7— duty to support child — termination at age 18**

Since the effective date of the statute abrogating the common law definition of "minor" and providing that a minor is any person who has not reached the age of 18 years, G.S. 48A-1 and G.S. 48A-2, the legal obligation of a father to support his child terminates when the child reaches the age of 18; consequently, where plaintiff's daughter had reached the age of 18, the trial court erred in increasing, for the purpose of covering college expenses, the amount of payments plaintiff had agreed to make for the support of his daughter until she "reaches age 21, becomes married or otherwise emancipated." G.S. 50-13.4 *et seq.*

2. **Appeal and Error § 2— questions not adjudicated in trial court**

Questions not adjudicated in the court below will not be considered on appeal.

3. **Divorce and Alimony § 23— motion for increase in child support payments — counsel fees — dependent spouse**

The trial court erred in requiring plaintiff father to pay counsel fees of defendant mother for a hearing upon defendant's motion for an increase in the amount of child support payments made by plaintiff, where there was no showing or finding that at the time of the hearing defendant was a dependent spouse as defined in G.S. 50-16.1.

APPEAL by plaintiff from *Lee, District Judge,* July 1971 Civil Session, DURHAM District Court.

On 24 March 1966 a consent judgment was entered in this cause, (then pending in Durham Superior Court but transferred to district court,) whereby plaintiff agreed to pay $250.00 per month for the benefit of his daughter, Jeanne Christianne Crouch, until she reached age 21, married, or otherwise became emancipated. On 12 July 1971, defendant filed a motion in the cause alleging that the daughter, who was born on 29 September 1953, had finished high school and desired to further her education by attending college, that a substantial increase in her support payments was necessary for that purpose, and asked that the judgment be modified to require plaintiff to make larger payments to cover college education expenses. Following a hearing on the motion on 19 July 1971, an order was entered on 9 August 1971 modifying the judgment to provide for monthly payments of $500 beginning with the month

of August 1971; the order also provided for a $500 fee for defendant's attorney. Plaintiff excepted to the order and appealed.

*Everett, Everett & Creech by Robinson O. Everett and Arthur Vann for plaintiff appellant.*

*Haywood, Denny & Miller by George W. Miller, Jr., for defendant appellee.*

BRITT, Judge.

The record establishes that plaintiff's daughter became 18 years of age on 29 September 1971. The primary effect of the order appealed from is to increase the payments plaintiff must make for the support of his daughter from $250 per month to $500 per month until she "reaches age 21, becomes married or otherwise emancipated." We hold that the court erred in entering the order.

The motion in the cause in the instant case was made pursuant to G.S. 50-13.4 et seq. all of which statutes refer to the support of "minor child" or "minor children." Prior to the enactment of Chapter 48A of the General Statutes, the common law definition of "minor" or "minor child" prevailed in this State; in *Wells v. Wells*, 227 N.C. 614, 44 S.E. 2d 31 (1947), the court said: "Ordinarily a child, in the eyes of the law, is in a condition to provide for his own maintenance when he has reached the age of twenty-one years, that is, has attained the status of majority. That age was arbitrarily fixed at common law for the termination of the child's minority, and the attainment of his majority, and the rule has remained in force throughout the United States. 27 Am. Jur., 748, Infants, 5."

[1] Chapter 48A of the General Statutes was enacted by the 1971 General Assembly and became effective on 5 July 1971. G.S. 48A-1 provides: "The common law definition of minor insofar as it pertains to the age of the minor is hereby repealed and abrogated." G.S. 48A-2 provides: "A minor is any person who has not reached the age of 18 years." Before the enactment of G.S. Chapter 48A, it was evident that the meaning of "minor child" within the purview of the custody and support statutes, G.S. 50-13.4 et seq., contemplated the common law age of majority, 21. *Speck v. Speck*, 5 N.C. App. 296, 168 S.E. 2d 672 (1969). When G.S. 48A-1 which repeals the common law

---

Crouch v. Crouch

---

definition of minor is construed with G.S. 48A-2, the effect is that wherever the term "minor," "minor child" or "minor children" is used in a statute, the statute now refers to age 18. The statutes concerning child support, G.S. 50-13.4 et seq., all use the term "minor," "minor child" or "minor children," never referring to age 21. Therefore, in substituting the new meaning of "minor" into the statutes, the legal obligation to support one's child ends at age 18, absent a showing that the child is insolvent, unmarried and physically or mentally incapable of earning a livelihood as was true in the *Wells* and *Speck* cases, *supra,* and as contemplated by G.S. 50-13.8.

Our holding is consistent with decisions in other jurisdictions that have enacted statutes making 18 the age of majority. In *Young v. Young,* Ky., 413 S.W. 2d 887 (1967), the court was construing Kentucky Revised Statute 2.015 providing as follows: "Persons of the age of eighteen years are of the age of majority for all purposes in this Commonwealth except for the purchase of alcoholic beverages and for purposes of care and treatment of handicapped children, for which twenty-one years is the age of majority." The court held that in light of this statute the legal obligation of a father to support his children terminates upon their reaching their eighteenth birthday. The court went on to say that there may exist a moral obligation for a father to assist his children in acquiring a college education but this is not legally enforceable.

In *Blackard v. Blackard,* Ky., 426 S.W. 2d 471 (1968), the Court of Appeals of Kentucky held that an order to pay support payments to an infant "until further orders of the court" terminates when the infant reaches 18 years of age. See also *Childers v. Childers,* 229 Ark. 11, 313 S.W. 2d 75 (1958) and *Carmody v. Carmody,* Fla., 230 So. 2d 40 (1970).

[2] Next, plaintiff contends that he should be relieved of all payments of child support, asserting that the consent judgment required him to support his daughter until she reached the age of 21, married, "or otherwise became emancipated," and that the effect of G.S. 48A-2 was to emancipate his daughter at age 18. This question is not properly before us as questions not adjudicated in the court below are not presented on appeal. *Hobbs v. Moore County,* 267 N.C. 665, 149 S.E. 2d 1 (1966); *Roberts v. Bottling Co.,* 256 N.C. 434, 124 S.E. 2d 105 (1962). The gist of defendant's motion in the cause was that plaintiff

be required to provide adequate and sufficient funds to enable his daughter to attend college. In his reply plaintiff asked that the motion be denied, that he not be required to pay defendant's counsel fees, and that the costs be taxed against defendant. He did not ask that he be relieved of making all payments; in fact, in paragraph 6 of his reply, plaintiff alleged: "Under the totality of the circumstances, the plaintiff ought not be required to support his daughter beyond the $250 per month he is now providing."

A careful review of the pleadings and proceedings relating to the motion in the cause indicates that the first time plaintiff suggested that he should be relieved of all payments of support was on 11 August 1971 when plaintiff moved that the court rescind the 9 August 1971 order and adopt and enter an order proposed by plaintiff; the proposed order referred to G.S. 48A-1 and 48A-2 and would declare that the daughter would be "otherwise emancipated" on 29 September 1971. Evidently plaintiff's motion of 11 August 1971 was an afterthought which we do not think should be considered on this appeal.

[3] Finally, plaintiff contends that the court erred in requiring him to pay $500 fee for defendant's counsel. This contention has merit. Authority for allowing counsel fees in actions for custody and support of minor children appears to be provided by G.S. 50-13.6 in the following language: "In an action or proceeding for the custody or support, or both, of a minor child the court may in its discretion allow reasonable attorney's fees to a dependent spouse, as defined in G.S. 50-16.1, who has insufficient means to defray the expenses of the suit."

There was no showing or finding that at the time of the hearing on the motion in the cause defendant was a dependent spouse as defined in G.S. 50-16.1. Defendant argues that our holding in *Andrews v. Andrews*, 12 N.C. App. 410, 183 S.E. 2d 843 (1971) should be followed in this case but we find the cases distinguishable. In *Andrews*, and quoting from *Teague v. Teague*, 272 N.C. 134, 157 S.E. 2d 649 (1967), we said: "Having thus forced her (the former wife) to apply to the court to secure for his children the support *to which they are entitled*, defendant cannot justly complain at being required to assist in the payment of plaintiff's necessary counsel fees." (Emphasis added.) In *Andrews*, as in *Teague*, an increase in child support

by the trial court was affirmed; in the case at bar we are reversing the order providing for an increase. Our holding in *Blair v. Blair,* 8 N.C. App. 61, 173 S.E. 2d 513 (1970) is also clearly distinguishable. It is evident that defendant's able counsel earned the fee approved and ordered paid by the trial court, but under applicable statutes and decisions we are unable to affirm the award.

For the reasons stated the order appealed from is

Reversed.

Judges CAMPBELL and GRAHAM concur.