MAYBELLINE R. CHOATE v. BILLY CARROLL CHOATE

No. 7223DC469

(Filed 28 June 1972)

1. **Divorce and Alimony § 22; Infants § 9— children age 18 or older — custody and support**

   The trial court erred in finding that the children of the parties, both of whom have attained the age of eighteen years or older, were either minor or dependent children of defendant husband in the absence of any finding that such children were insolvent, unmarried and physically or mentally incapable of earning a livelihood, although one child is a high school student and the other is a college student; consequently, portions of the court's order relating to custody and support of the children *pendente lite* must be stricken.

2. **Appeal and Error § 39— failure to docket record in apt time — treatment as petition for certiorari**

   Although an appeal was subject to dismissal for failure to docket the record on appeal within the time allowed by Rule 5, the appeal was treated as a petition for *certiorari* and considered on its merits where error was apparent on the face of the record.

APPEAL by defendant from *Osborne, District Judge,* 18 January 1972 Session of District Court for ALLEGHANY County.

In this civil action for alimony, custody and child support and counsel fees pendente lite, the defendant appealed from the following order, which contains among other things the following:

   "1. The Plaintiff and the Defendant are husband and wife, having been lawfully married to each other on the 16th day of June, 1948.

   2. The Plaintiff and the Defendant are the parents of three children: LYNN CHOATE, age 21, presently a Junior at Appalachian State University; MRS. DEBBIE HAMM, age 19, married and now emancipated; and HOLLY CHOATE, age 18, a high school Senior.

   3. The Defendant is a dairy farmer and businessman with a gross monthly income in the sum of approximately $3,000.00 per month; and the Plaintiff is a school teacher with a net monthly income of $650.00 per month during ten months of each year.

\*     \*     \*

9. Defendant stopped living in the home of the parties on August 22, 1971, and since said date has been living in his house trailer. During all of 1971, Defendant provided Plaintiff with approximately $600.00 for the support of Plaintiff and their minor children. In 1971, Plaintiff borrowed approximately $700.00 from her father to pay household expenses. Plaintiff has no cash or other assets (except her salary) which might be utilized for support.

10. Defendant has abandoned the Plaintiff without provocation on the part of the Plaintiff and without lawful excuse. The Plaintiff is a dependent spouse substantially in need of support from the Defendant, who is capable of making reasonable alimony and child support payments to the Plaintiff.

11. Lynn Choate, daughter of the parties, is a student in good standing in the Junior Class at Appalachian State University and still a dependent of the Defendant and the Plaintiff because of her status as a student. Her quarterly tuition, which includes room, board and tuition (but not books and other expenses), is approximately $450.00.

12. Holly Choate, age 18, daughter of the parties, is a Senior in high school and desires to attend college beginning in autumn, 1972.

13. Plaintiff is a fit and proper person to have custody of the minor child of the parties, Holly Choate, and of the dependent child, Lynn Choate.

14. The Plaintiff does not have sufficient means whereon to subsist during the prosecution of this action and to defray the necessary expenses thereof. She is unable to pay her counsel and has not made any payment to him for his services in this action.

15. Defendant is an excessive user of alcohol, as a result of which the condition of the Plaintiff has been rendered intolerable and her life burdensome.

16. Defendant has willfully failed to provide the Plaintiff with necessary subsistence according to his means and condition, so as to render the condition of the Plaintiff intolerable and her life burdensome.

Choate v. Choate

## CONCLUSIONS

From the above facts found, together with all of the evidence presented at the hearing, the Court makes the following conclusions:

The Plaintiff is a dependent spouse who is actually substantially dependent upon the Defendant for her maintenance and support and is substantially in need of maintenance and support from the Defendant. The Defendant is a supporting spouse upon whom the Plaintiff is actually substantially dependent and from whom she is substantially in need of maintenance and support. The Plaintiff is entitled to an Order for alimony pendente lite because the Defendant has abandoned her; and because the Defendant is an excessive user of alcohol, which has rendered the condition of the Plaintiff intolerable and her life burdensome; and because Defendant has willfully failed to provide the Plaintiff with necessary subsistence according to his means and condition, which has rendered the condition of the Plaintiff intolerable and her life burdensome. The Plaintiff is entitled to alimony pendente lite because it has been made to appear to the Court from the evidence presented that the Plaintiff is entitled to the relief demanded in this action in which she has applied for alimony pendente lite, and the Plaintiff does not have sufficient means whereon to subsist during the prosecution of this action and to defray the necessary expenses thereof. In addition, the Plaintiff has applied for counsel fees pendente lite in this action, and the Plaintiff is a dependent spouse who is entitled to alimony pendente lite, and this Court is authorized to enter an order for reasonable counsel fees for her benefit.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. Defendant shall pay in to the Clerk of Superior Court of Alleghany County alimony pendente lite, to be disbursed to the Plaintiff, in the sum of $100.00 per month, beginning on the 10th day of February, 1972, and continuing on or before the 10th day of each month thereafter until the further Orders of this Court.

2. In addition, Plaintiff is to have possession of the home house presently occupied by her and situated upon the premises owned by the parties by the entireties, together with all its contents, and the Defendant is hereby Ordered not to enter said house without permission of the Plaintiff, and not to molest, harass or intimidate the Plaintiff in any manner whatsoever. Likewise, Plaintiff is not to molest or bother or interfere with Defendant in his occupancy of the trailer on the entireties' premises, nor his operation of the dairy farm on the entireties' property.

3. As a further part of the alimony herein ordered, Defendant shall pay all taxes and maintain and pay for adequate fire insurance on said home house, pay for and provide all utilities, including electric power, telephone, water, and heating oil, and provide all needed minor repairs thereon, and maintain same in reasonable condition, including grass mowing and removal of snow from driveway when needed. Defendant shall maintain for the possession and use of Plaintiff the 1970 Mercury automobile, together with all registration and insurance.

4. Defendant shall make all mortgage payments to The Federal Land Bank of Columbia when they shall become due.

5. Plaintiff is hereby awarded custody of Lynn Choate and Holly Choate. Defendant shall have reasonable visitation rights to be arranged between him and said children at the children's own choosing, but not to interfere with their normal schooling and educational activities.

6. Defendant shall pay in to the Clerk of Superior Court of Alleghany County for the support of said minor child and said dependent child the sum of $200.00 per month, to be disbursed to the Plaintiff for the use and benefit of said children, the first payment to be made on the 10th day of February, 1972, and continuing on or before the 10th day of each month thereafter until the further Orders of this Court. It is specifically provided that in the event both of said children shall be college students at the same time, this Order shall be modified and increased as may be required to provide sufficient funds to pay tuition and college expenses for said children.

7. Defendant shall provide and maintain in force adequate medical insurance policies on the Plaintiff and the minor child and the dependent child of the parties.

8. Defendant is hereby ordered to pay in to the Clerk of Superior Court of Alleghany County on the 10th day of February, 1972, the sum of $500.00 to be disbursed to Plaintiff's counsel for his services on behalf of Plaintiff to date."

*Edmund I. Adams for plaintiff appellee.*

*Arnold L. Young and R. Lewis Alexander for defendant appellant.*

MALLARD, Chief Judge.

[1] The trial court erred in its finding that the children of the parties, Lynn and Holly Choate, both of whom have attained the age of eighteen years or older, were either minor or dependent children of the defendant in the absence of any finding that such children were "insolvent, unmarried *and* physically or mentally incapable of earning a livelihood." *Crouch v. Crouch,* 14 N.C. App. 49, 187 S.E. 2d 348 (1972). See also Chapter 48A of the General Statutes. Therefore, paragraphs 5 and 6 of Judge Osborne's order, awarding plaintiff "custody" of Lynn Choate, 21 years of age, and Holly Choate, 18 years of age, and ordering defendant to make payments for their use and benefit and that portion of paragraph 7 of said order reading "and the minor child and the dependent child of the parties," and any other references relating to the custody and support of said children in Judge Osborne's order of 23 January 1972 must be and are hereby stricken.

[2] We note that the record on appeal was not docketed in this court until more than ninety days from the date of the judgment appealed from. Inasmuch as no extension of time to docket appears in the record, this appeal is subject to dismissal under our rules. See Rule 5 and Rule 48 of the Rules of Practice in the Court of Appeals. Due to the fact that error was apparent on the face of the record, however, we have elected to treat this appeal as a petition for a writ of certiorari, to allow it and to consider the matter presented on its merits.

We have examined appellant's other assignments of error and find no other prejudicial error, and as modified herein, the judgment appealed from is affirmed.

Modified and affirmed.

Judges CAMPBELL and BROCK concur.