ELIZABETH R. TAYLOR v. RICHARD F. TAYLOR

No. 7316DC102

(Filed 28 March 1973)

**Divorce and Alimony § 23; Parent and Child § 7— duty to support child — termination at age 18**

Where the consent judgment in question provided that defendant pay plaintiff $80 monthly per child, defendant's obligation to pay child support for his daughter ceased when she attained her majority; therefore, the trial court erred in directing defendant to pay plaintiff the $80 monthly until the child reached age 21 and in ordering defendant to pay plaintiff's counsel $500 for expenses incurred in instituting the suit.

APPEAL by defendant from *Britt, Judge,* 14 September 1972 Session of District Court held in ROBESON County.

This is an appeal from an order denying defendant's motion in the cause to be relieved of any obligation to make payments for the support of his daughter, Susan Leigh Taylor, under the provisions of a consent judgment entered in the District Court held in Robeson County. The record reveals that in the district court on 22 December 1970, a consent order was entered in pertinent part as follows:

"Defendant agrees to pay monthly to the Plaintiff, commencing 1 January 1971, the sum of Six Hundred Fifty ($650.00) Dollars for the following purposes:

a. As alimony, the sum of $250.00
b. As child support, the sum of $80.00
   per child, a total of $400.00."

The parties stipulated that Susan Leigh Taylor became 18 years of age on 26 August 1972, and that the parties to

this action were granted an absolute divorce on 5 February 1970.

From an order denying the motion and awarding plaintiff's counsel an attorney's fee of $500.00, defendant appealed.

*Johnson, Hedgpeth, Biggs & Campbell by John Wishart Campbell for plaintiff appellee.*

*McLean, Stacy, Henry & McLean by H. E. Stacy, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the trial court's conclusion that defendant had the duty to support Susan Leigh Taylor "until she attains the age of 21 years or is otherwise emancipated," and the award of an attorney's fee to plaintiff's counsel for his services in defense of the motion.

In denying the motion, the trial judge apparently relied on our decision in *Shoaf v. Shoaf,* filed 26 April 1972 and reported in 14 N.C. App. 231, 188 S.E. 2d 19. However, our decision was reversed by the Supreme Court in an opinion filed 15 November 1972 and reported in 282 N.C. 287, 192 S.E. 2d 299. In *Shoaf,* the consent judgment provided that the father would pay child support "until such time as said minor child reaches his majority or is otherwise emancipated." The Supreme Court held that even though the consent judgment was entered prior to the enactment of G.S. 48A, the father's legal obligation to support his son ceased when the son attained his majority, age 18. G.S. 48A.

In the present case the consent order, which was entered prior to the enactment of G.S. 48A, merely provides that the defendant agrees to pay "child support" at the rate of $80.00 monthly for each child. It was stipulated that Susan Leigh Taylor became 18 years of age on 26 August 1972. Clearly, the defendant's legal obligation to contribute to her support ceased when she obtained her majority, which is age 18. Likewise, any obligation the defendant might have had to pay legal expenses incurred by the plaintiff in employing counsel to secure support for defendant's minor daughter, *Andrews v. Andrews,* 12 N.C. App. 410, 183 S.E. 2d 843 (1971), also ceased when the daughter reached age 18. *Crouch v. Crouch,* 14 N.C. App. 49, 187 S.E. 2d 348 (1972), cert. denied, 281 N.C. 314 (1972). Thus, the trial court erred in concluding that the defendant had

the duty to support Susan Leigh Taylor "until she attains the age of 21 years or is otherwise emancipated"; and even though it is evident plaintiff's attorney rendered valuable legal services to plaintiff, the trial court was without authority to order the defendant to pay such expenses.

For the reasons stated the order appealed from is

Reversed.

Judges CAMPBELL and GRAHAM concur.