ROBERT EARL NOLAN v. MARIE CLAUDE BIET NOLAN

No. 7421DC45

(Filed 6 February 1974)

1. **Divorce and Alimony § 23— child over eighteen — increase in child support — error**

Trial court exceeded its authority in entering an order increasing the amount of child support due from plaintiff with respect to two children of the parties since those children were nineteen and twenty-one years of age and there was no showing that the children were insolvent, unmarried and physically or mentally incapable of earning a livelihood. G.S. 50-13.8.

2. **Divorce and Alimony § 23— decrease in child's needs — increase in child support — error**

In fixing the amount of child support payments, the court must consider both the earnings of the father and the needs of the children; therefore, the trial court erred in increasing the amount of child support for a minor child of the parties where the evidence showed that the father's income had increased but indicated that the child's needs had decreased.

3. **Costs § 3; Divorce and Alimony § 23— order increasing child support — award of attorney fees error**

Where defendant sought an order increasing alimony and child support, the trial court erred in awarding defendant's counsel attorney's fees of $1000 where the trial court failed to make a finding of fact with respect to the wife's ability to defray the expense of the suit as required by G.S. 50-13.6.

APPEAL by plaintiff from *Henderson, Judge,* 11 June 1973 Session of District Court held in FORSYTH County.

This is a civil action wherein plaintiff, Robert Earl Nolan, sought and obtained an absolute divorce from defendant, Marie Claude Biet Nolan, on 7 September 1971 in the District Court

Nolan v. Nolan

of Forsyth County. The present proceeding was heard on a motion filed in the cause by defendant on 4 May 1973 and in this motion the defendant requested that an order be entered requiring the plaintiff to pay increased alimony to the defendant and increased support for the three children still receiving support under a deed of separation entered into between plaintiff and defendant on 16 September 1969.

Both plaintiff and defendant offered evidence at the completion of which the trial judge made the following relevant findings of fact which are summarized below except where quoted.

Plaintiff and defendant were married in France in 1947 and lived together until 1969, at which time they separated by mutual consent. Four children were born of the marriage between plaintiff and defendant: Carolyn Ann Nolan, born May 17, 1949; Patrick Biet Nolan, born August 28, 1951; Michelle Alice Nolan, born May 18, 1954; and Robert Eric Nolan, born January 11, 1956. On 16 September 1969 plaintiff and defendant entered into a deed of separation, the terms of which required plaintiff to pay defendant permanent alimony in the sum of $1,000.00 per month and child support for each of the four children named above in the amount of $275.00 per month.

The increased child support payments being sought by defendant are predicated upon paragraph 8 of the deed of separation which reads as follows:

"The provisions of this agreement, as they relate to alimony and child support and education shall be subject to modification on account of change of condition arising subsequent to the execution of this agreement to the same extent and in the same manner as though such amounts had been determined by a court of competent jurisdiction without the consent of either party."

The court found that a substantial change of condition had occurred as to the children in that:

"(a) There has been substantial increase in living costs generally, due to the decline in purchasing power of the dollar.

(b) There has been substantial increase in the living costs of defendant and of the children.

(c) There has been increase in educational expenses necessarily incurred for the education and maintenance of the children.

(d) There has been substantial increase in plaintiff's earnings.

(e) There has been substantial decrease in the amount of support plaintiff is obligated to pay, due to the fact that the oldest child, Carolyn Ann Nolan, is no longer dependent."

Based on these changes of conditions the court determined that the amount of support presently paid the three children still eligible for payments under the terms of the agreement, while adequate at the time of the execution of the deed of separation, is no longer sufficient to meet their reasonable financial requirements. The court also found that the evidence failed to disclose that the sum presently being paid as permanent alimony to defendant is insufficient.

Based on the foregoing findings of fact, the court ordered (1) that defendant's motion for an order requiring plaintiff to pay increased permanent alimony be denied; (2) that the child support payments for the three children still entitled to receive such under the deed of separation be increased to $350.00 per month per child; (3) that plaintiff pay to defendant's attorney the sum of $1,000.00 "for services rendered to defendant on behalf of the three younger children above named."

The plaintiff appealed from this Order.

*Hudson, Petree, Stockton, Stockton & Robinson by W. F. Maready, James H. Kelly, Jr., W. A. Holland, Jr., for plaintiff appellant.*

*Randolph and Randolph by Clyde C. Randolph, Jr., for defendant appellee.*

HEDRICK, Judge.

[1] In his initial assignment of error the plaintiff contends that the trial court erred in its determination that the two children of plaintiff who were over the age of eighteen were entitled to increased child support payments. The fact that the parties have entered into a separation agreement providing for support payments does not deprive the courts of their inherent as well as

Nolan v. Nolan

statutory authority to protect the interests and provide for the welfare of *minors. Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963) ; *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136 (1942). See also, Lee, North Carolina Family Law, Vol. 2, § 152, pp. 224-5 (1963). Since the enactment of G.S. 48A in 1971, the decisions of this Court and the Supreme Court have concluded that the father's legal obligation to support his child ceases when the child reaches the age of eighteen, *Shoaf v. Shoaf,* 282 N.C. 287, 192 S.E. 2d 299 (1972) ; *Taylor v. Taylor,* 17 N.C. App. 720, 195 S.E. 2d 355 (1973), provided that it is not shown that the child is insolvent, unmarried, *and* physically or mentally incapable of earning a livelihood. *Crouch v. Crouch,* 14 N.C. App. 49, 187 S.E. 2d 348 (1972), cert. denied 281 N.C. 314 (1972) ; *Choate v. Choate,* 15 N.C. App. 89, 189 S.E. 2d 647 (1972) ; G.S. 50-13.8. In the case at hand, two of the children involved, being nineteen and twenty-one years of age respectively, have passed their minority, and this fact coupled with the failure to show that the children are insolvent, unmarried, *and* physically or mentally incapable of earning a livelihood terminates the inherent authority of the courts to consider the children as wards of the court. Thus, the trial judge exceeded his authority as to these two children and the order entered requiring increased payments for them must be reversed.

Having determined that the courts have the inherent authority to provide for the welfare of minor children, we must next investigate the correctness of that portion of the trial court's order which required an increase in the amount of support payments to the minor child Robert Eric Nolan (Eric). Plaintiff contends that such increase was incorrectly ordered. The order awarding increased child support payments must be examined in light of the following statement of Denny, C. J., in *Fuchs v. Fuchs, supra,* at p. 639.

"[W]here parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable. We further hold that the court upon motion for an increase in such allowance, is not warranted in ordering an increase in the absence of any evidence of a change in conditions or of the need for such increase, particularly when the increase is awarded solely on the ground

that the father's income has increased; therefore, he is able to pay a larger amount."

**[2]** The only evidence presented in this case relative to "a change in conditions or of needs" as to the minor child Eric indicates that the needs of this child have decreased. At the time the parties signed the separation agreement, Eric was enrolled in a private school; and the cost of his tuition, room, and board was $242.00 per month. Presently this child attends public school in Winston-Salem and his only expenses introduced into evidence were $30.00 for lunches at school and $20.00 for drum lessons. This evidence does not support the trial court's finding of fact that there had been a change of conditions as to the minor child Eric and the absence of such a finding of fact necessitates that the increased support ordered be reversed because in fixing the amount of child support payments the court must consider *both* the earnings of the father and the change of conditions and needs of the children. *Fuchs v. Fuchs, supra; Calhoun v. Calhoun,* 7 N.C. App. 509, 172 S.E. 2d 894 (1970). Although the parties do not dispute the finding of fact that the father's income has increased, this factor alone is not sufficient to order an increase in child support payments. *Fuchs v. Fuchs, supra.*

**[3]** Finally, plaintiff contends that the trial court erred in awarding attorney's fees of $1,000.00 to the defendant's counsel. We agree with this contention. G.S. 50-13.6 in pertinent part provides:

> "In an action or proceeding for the custody or support, or both, of a minor child . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith *who has insufficient means to defray the expense of the suit.*"

The trial court having failed to make a finding of fact with respect to the wife's ability to defray the expense of this suit as required by G.S. 50-13.6, we hold that the court abused its discretion in ordering plaintiff to pay attorney's fees. Moreover, if the court had made a finding of fact that the wife was unable to defray the expense of this suit, this finding would not have been supported by the uncontroverted evidence as such evidence revealed that the wife receives $1,825.00 per month for alimony and child support. Furthermore, the trial court's award of attorney's fees was improper for reasons already discussed in this

opinion, *viz.* the lack of authority of the trial court to enter an order as to the two children over eighteen and the failure of the trial court to make adequate findings of fact to support the order entered as to increased support payments for the minor child. *Taylor v. Taylor, supra.* Therefore, under the circumstances of this case, it was error for the court to order the plaintiff to pay $1,000.00 to defendant's counsel.

For the reasons stated those portions of the order dated 16 July 1973 requiring plaintiff to pay defendant increased child support for Patrick, Michelle, and Eric and an attorney's fee of $1,000.00 are

Reversed.

Judges CAMPBELL and BALEY concur.