LEWIS C. RAMSEY v. JANIE RAMSEY TODD

No. 7526DC18

(Filed 7 May 1975)

**Divorce and Alimony § 23— child support — absence of findings**
    The trial court erred in entering an order for child support without making findings as to the ages and circumstances of the children where such order provided (1) that $5200 in child support be placed in escrow by the clerk to be distributed to defendant at the rate of $32.50 per week for the minor son of the parties, and (2) that after payment of $12,200, the amount in which plaintiff was delinquent in making support payments, plaintiff would be relieved of further obligation to support his children.

APPEAL by defendant from *Beachum, Judge*. Judgment entered 10 September 1974 in District Court, MECKELNBURG County. Heard in the Court of Appeals 18 March 1975.

Defendant wife appeals from an order modifying a judgment providing for child custody and support. Plaintiff instituted this action for purpose of obtaining a divorce on ground of one-year separation; defendant filed answer and cross action asking for custody of, and support for, two minor children.

On 10 May 1969 the court, with the consent of the parties, entered a judgment providing, among other things, that defendant be awarded custody of the children and that plaintiff pay into the office of the clerk of superior court $65.00 per week " . . . payable to the Defendant for the benefit of the two minor children. . . . "

On 8 January 1971, pursuant to an order to show cause entered 19 February 1970 and continued from time to time, the court entered an order finding that plaintiff was in arrears in making payments for the support of his children and adjudging him in contempt. The court ordered that plaintiff be committed to jail until he complied with the orders of the court but stayed execution of the commitment on certain conditions.

On 10 September 1974, pursuant to a motion filed by defendant on 12 February 1974 and a hearing on the motion, the court entered an order making detailed findings of fact and conclusions of law, those pertinent to this appeal being summarized as follows: As of the date of the hearing, in making child support payments plaintiff was delinquent in the sum of $12,200. Plain-

tiff is the fee simple owner, free from encumbrance, of a residence and 23 acres of land in Mecklenburg County, North Carolina; he is the owner of substantial equity in 66 acres of land in Virginia; he is employed as a contractor for general building, repair and remodeling work. Plaintiff has been gainfully employed and has had necessary funds available to provide support for his children. He is in willful contempt of the court "for his willful and knowing failure to comply with" lawful orders of the court.

The court adjudged that plaintiff was in contempt and ordered the following (summarized except where quoted and numbering ours) :

1. " . . . Plaintiff may purge himself of this contemptuous behavior by paying into the office of Clerk of Superior Court the sum of $12,200.00 within sixty (60) days of this Order. Of this amount the sum of $5,200.00 shall be placed in escrow by the Clerk, to be distributed to defendant at the rate of $32.50 per week for minor child, Lewis C. Ramsey, Jr."

2. "That upon Plaintiff's payment of the sum of $12,200.00 to the Defendant, no further Orders will be entered in this Court requiring Plaintiff to support his minor children."

3. Plaintiff will pay defendant's attorney $400 within 60 days.

Defendant excepted to certain provisions of the order and appealed.

*Robert F. Rush for plaintiff appellee.*

*Edmund A. Liles for defendant appellant.*

BRITT, Judge.

Defendant contends the court erred (1) in ordering that $5,200 be placed in escrow, to be distributed to her at the rate of $32.50 per week "for minor child, Lewis C. Ramsey, Jr."; and (2) in providing that upon the payment of $12,200 to defendant, " . . . no further Orders will be entered in this Court requiring Plaintiff to support his minor children". The contentions have merit and we will discuss them in the order stated.

(1) While the trial court, in matters relating to child custody and support, is given wide discretion, it is required to make

sufficient findings from which it can be determined, upon appellate review, that its orders are justified and appropriate. *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971). In the instant case, the court made no finding in support of its requirement that $5,200 of the amount ordered paid by plaintiff be placed "in escrow" and distributed to defendant for the benefit of Lewis C. Ramsey, Jr., at the rate of $32.50 per week.

(2) There is no finding to support the provision of the order relieving plaintiff of further child support after paying $12,200. Since the 10 May 1969 judgment did not specify the duration of time that plaintiff would have to support his children, it would appear that his obligation would continue for the period provided by law. Since the enactment of G.S. 48A in 1971, our appellate division has concluded that a father's legal obligation to support his child ceases when the child reaches age 18, absent a showing that the child is insolvent, unmarried, and physically or mentally incapable of earning a livelihood. *Shoaf v. Shoaf,* 282 N.C. 287, 192 S.E. 2d 299 (1972) ; *Nolan v. Nolan,* 20 N.C. App. 550, 202 S.E. 2d 344 (1974), *cert. den.* 285 N.C. 234 (1974) ; *Taylor v. Taylor,* 17 N.C. App. 720, 195 S.E. 2d 355 (1973) ; *Choate v. Choate,* 15 N.C. App. 89, 189 S.E. 2d 647 (1972) ; and *Crouch v. Crouch,* 14 N.C. App. 49, 187 S.E. 2d 348 (1972), *cert. den.* 281 N.C. 314 (1972). While the order *indicates* that plaintiff's daughter might have reached age 18, there is no finding to that effect or that the other facts that would relieve plaintiff of her support exist. There are no findings as to the age or circumstances of the son.

For the reasons stated, the provisions of the order requiring that $5,200 be placed in escrow by the clerk, to be distributed to defendant at the rate of $32.50 per week for the minor Lewis C. Ramsey, Jr., and the provision relieving plaintiff of further obligation to support his children after payment of $12,200, are vacated; and this cause is remanded to the District Court of Mecklenburg County where plaintiff will have 30 days from the date of certification of this opinion to petition the district court for further findings and determination with respect to the provisions of the order we have vacated. Should plaintiff fail to petition as herein allowed, the order appealed from, as modified by this opinion, will stand.

Order modified and cause remanded.

Judges HEDRICK and MARTIN concur.