LORRAINE G. COBB v. MARSHALL L. COBB

No. 7110DC29

(Filed 31 March 1971)

1. Appeal and Error § 42— evidence not included in record on appeal — findings of fact — presumption

Where the evidence presented in a child custody hearing was not brought forward in the record on appeal, it is presumed that the court's findings are supported by the evidence.

2. **Divorce and Alimony § 24; Infants § 9— award of custody to father**
   Findings of fact by the trial court are sufficient to support judgment awarding custody of children to the father.

APPEAL by plaintiff from *Preston, District Court Judge,* 2 July 1970 Session, WAKE District Court.

Plaintiff instituted this action seeking alimony *pendente lite,* alimony without divorce and custody of minor children. The cause came on for hearing before District Court Judge Ransdell who, on 3 June 1969, entered an order finding, among other things: (1) that plaintiff was not entitled to alimony *pendente lite;* (2) that both parents were fit and proper persons to have custody of the children of the marriage; and (3) that it will be to the best interests of said children "at this time" that their custody and care be granted to plaintiff. There was no appeal from this order. On 13 February 1970 defendant filed a motion in the cause seeking, among other things, an order placing two of the children in the custody of defendant. Plaintiff's reply to the motion included a motion that the matter be set for hearing before some judge other than Judge Ransdell. By consent of both parties District Court Judge Preston entered an order dated 6 April 1970 (amended on 11 May 1970) allowing defendant to withdraw his motion and plaintiff to withdraw her reply thereto. The consent order also included the following:

"6. That the Family Counseling Service conduct a complete investigation, including both parties, regarding the custody and welfare of the minor children of the parties, and report the results of said investigation to the undersigned for guidance in the disposition of this cause."

On 28 May 1970 the Chief District Court Judge Bason, apparently on his own motion, entered the following order, from which there was no appeal.

To: Law Enforcement Officer

It appearing to the court from the petition or motion for review in this case that the above named child is in danger, or subject to such serious neglect as may endanger his health or morals, and that the best interest of the child requires that the court assume immediate custody;

YOU ARE ORDERED, therefore, to assume immediate physical custody of said child and to place the child with

Cobb v. Cobb

the Department of Social Services of Wake County pending the hearing on the merits.

Again pursuant to motion of the court, a custody hearing was set for 4 June 1970. It was conducted before Judge Preston on June 4, 5 and 8. All parties were present and represented by counsel. On 2 July 1970 Judge Preston entered an order finding in substance that plaintiff was not providing proper guidance and supervision for the children, that at times they were left alone and unattended overnight, were living in a state of turmoil and that plaintiff was not a proper and suitable person to have custody of the two children. The court found defendant to be a fit and proper person to have custody of the children and that the best interests of the children required that they be placed in the custody of the defendant. The court ordered that custody be granted to the defendant and that costs be apportioned between the parties.

*Vaughan S. Winborne for plaintiff appellant.*

*Harris, Poe, Cheshire and Leager by W. Brian Howell for defendant appellee.*

VAUGHN, Judge.

[1, 2] Plaintiff has elected not to bring forward any of the evidence admitted in the custody hearing before Judge Preston. It is presumed therefore that the court's findings are supported by competent evidence, and the same are conclusive on this appeal. The findings are sufficient to support the judgment. All of the plaintiff's assignments of error that were properly brought forward on appeal have been carefully considered and are found to be without merit.

Affirmed.

Judges BROCK and MORRIS concur.