WILLIAM F. ANDREWS v. OLIVE M. ANDREWS

No. 7110DC607

(Filed 20 October 1971)

**1. Appeal and Error § 45— abandonment of assignments of error**

Assignments of error not brought forward and argued in the brief are deemed abandoned. Court of Appeals Rule 28.

**2. Divorce and Alimony § 23— modification of child support — sufficiency of evidence**

In this hearing upon motions by both parties for modification on the ground of changed circumstances of the father's child support payments, the evidence was sufficient to support the court's determination of the amount necessary to meet the reasonable needs of the children for health, education and welfare, and the court's order showed that the court considered "the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case." G.S. 50-13.4.

**3. Divorce and Alimony § 23— child support order — reasonable needs of child**

While it would be the better practice for the court to state in its child support order that the payment ordered is the amount necessary to meet the reasonable needs of the child for health, education and maintenance, the failure of the court to do so is not reversible error.

**4. Divorce and Alimony § 23— increase in child support — change of conditions of the father**

The trial court did not fail to consider the change of conditions of the father in ordering an increase in child support payments to be made by the father.

**5. Divorce and Alimony § 23— child support — modification of portion of prior order**

Contention that an order increasing the father's child support payments required by a prior order is ambiguous in failing to state clearly whether the father is to continue the house payments and hospitalization insurance premium payments required by the prior order, *held* without merit where the record on appeal agreed to by both parties states that the court's second order changed only the amount of child support and left the remaining portions of the prior order in full force and effect.

**6. Divorce and Alimony § 23— child support — separation agreements**

Separation agreements are not final and binding as to child support payments.

7. **Divorce and Alimony § 23— increase in child support — alimony after divorce**

   Court order increasing the amount of child support to be provided by the father did not constitute an award of alimony after a divorce.

8. **Divorce and Alimony § 23— child support — monetary amounts for various expenses**

   In increasing the amount of child support to be provided by the father to $200 per month for each child, the court did not err in failing to set specific monetary amounts to be used for medical expenses and certain other expenses.

9. **Divorce and Alimony § 23— increase in child support — attorney fees of the mother**

   Where the mother's application for modification of a child support order was necessitated by the father's refusal of her request for additional child support, the father cannot complain of being required to assist in payment of the mother's necessary counsel fees.

APPEAL by plaintiff from *Barnette, Judge,* 3 May 1971 Session, District Court of WAKE County.

Plaintiff and defendant were married in 1943 and separated on 20 May 1965. On 28 June 1965 they entered into a separation agreement. Four children were born of the marriage, and at the time the agreement was executed the ages of the children were 18, 14, 7 and 4. By the agreement custody of all the children was placed in defendant with reasonable visitation rights to plaintiff. The agreement provided, among other things, that plaintiff would pay to defendant the sum of $400 per month until the second oldest child reached age 18 (the oldest child was already 18) or entered college; then $340 per month until the next child reached age 18 or entered college; then $300 per month until the youngest child reached 18 or entered college. From that time plaintiff would continue to pay defendant $200 per month alimony until she obtained a divorce or married, whichever should come first. It was further provided that for income tax purposes $200 monthly payment to defendant should be designated and treated as alimony. Plaintiff agreed to maintain hospitalization insurance on the children "as long as the provisions of the policy permit." It was further agreed that defendant would be entitled to the use and occupancy of the home owned by the parties as tenants by the entirety, with certain limitations not here pertinent, and that plaintiff should continue to make the payments. thereon. Upon the occurrence of any one of the specified condi-

Andrews v. Andrews

tions, the house is to be sold and the proceeds divided equally between the parties.

In May 1966 plaintiff brought an action for divorce. In that action defendant requested the court to inquire into the support payments for the children being made by plaintiff. A hearing was had. At that time, the oldest child was 20 years of age and in college, though at home with defendant and the other three children when she was not in college. Plaintiff was paying her college expenses. At that time plaintiff was earning approximately $20,000 per year in salary and had other income of approximately $890 per year. These facts were found by the court, and an order entered as follows:

"1. That the plaintiff pay to the defendant, commencing with the month of August, 1966, and thereafter until changed by order of this court, the sum of Two Hundred ($200.00) Dollars per month for the use and support of the minor children born of the marriage.

2. That the plaintiff pay promptly as the same become due and payable all house payments on the property owned by the plaintiff and defendant known as 118 Longview Lake Drive, Raleigh, North Carolina, and that the defendant and children be permitted to use and occupy said dwelling, said payments and occupancy to continue until one of the contingencies in Article III of the separation agreement occurs, or until otherwise ordered by this court.

3. That the plaintiff maintain a hospitalization policy on his children and pay all premiums therefor until otherwise ordered by this court, and that he furnish to the defendant a copy of said policy showing coverage provided for said children."

On 18 March 1971 defendant filed a motion in the cause alleging change of circumstances and requesting an increase in the support payments for the children and attorneys fees. On 14 April 1971, plaintiff filed a motion requesting a reduction in the payments for support of the children, alleging change of circumstances.

At the hearing, defendant introduced evidence including evidence of plaintiff called as an adverse witness. Plaintiff offered no evidence. The court ordered that defendant's motion

to increase the support payments be allowed and plaintiff's motion to reduce them be denied. The order directed plaintiff to pay $200 per month for each of the two children then under 18 and living in the home, and pay all reasonable medical, dental and drug bills of the two children. Plaintiff was also ordered to pay $300 as attorney's fee for defendant's attorney. Plaintiff excepted and appealed.

*Young, Moore & Henderson, by J. C. Moore, for plaintiff appellant.*

*Manning, Fulton & Skinner, by John B. McMillan, and Tharrington and Smith, by Roger W. Smith, for defendant appellee.*

MORRIS, Judge.

In its order, the court made the following findings of fact:

"1. On July 27, 1966, the parties appeared in court and Superior Court Judge, W. A. Johnson ordered the following:

(a) Plaintiff was to pay to the defendant TWO HUNDRED ($200.00) DOLLARS per month for support of the four minor children born of the marriage.

(b) Plaintiff to make all house payments.

(c) Plaintiff to maintain a hospitalization policy on the children.

2. At the present time, there are only two minor unemancipated children living in the home with the defendant: Susan E. Andrews, age 13 and Christy L. Andrews, age 10.

3. That on July 27, 1966, the plaintiff had a gross salary of TWENTY THOUSAND ($20,000.00) DOLLARS per year and an additional income of EIGHT HUNDRED NINETY ($890.00) DOLLARS per year.

4. That the average monthly expenses for all the children except Carolyn Andrews, who was 19 years of age at the time and in college, was THREE HUNDRED EIGHTY-NINE ($389.00) DOLLARS; that these expenses plus those of the defendant totalled SEVEN HUNDRED SIXTY AND 96/100 ($760.96) DOLLARS per month on July 27, 1966.

5. That the defendant had on July 27, 1966, a take-home salary of THREE HUNDRED ($300.00) DOLLARS per month plus she received TWO HUNDRED ($200.00) DOLLARS per month alimony from the plaintiff through a separation agreement.

6. Now the plaintiff receives a gross salary of THIRTY THOUSAND ($30,000.00) DOLLARS per year from his employment—about TWENTY-FOUR THOUSAND ($24,000.00) DOLLARS net per year—plus he receives ONE HUNDRED ($100.00) DOLLARS per year from Duke University as a teacher and TWO HUNDRED FORTY ($240.00) DOLLARS per year from the United States Government because he is a disabled veteran.

7. Now the defendant receives a take-home salary of TWO HUNDRED EIGHTY-FIVE ($285.00) DOLLARS per month and her estimated expenses in order to maintain her accustomed standard of living at the present time, including those of Susan and Christy Andrews, amount to ONE THOUSAND FIFTY-EIGHT ($1,058.00) DOLLARS per month.

8. The estimated monthly expenses of the child Susan Andrews in order to maintain her at her accustomed standard of living at the present time but not including medical, dental or drug bills is approximately TWO HUNDRED ($200.00) DOLLARS.

9. The estimated monthly expenses of the child Christy Andrews in order to maintain her at her accustomed standard of living at the present time but not including medical, dental or drug bills is approximately TWO HUNDRED ($200.00) DOLLARS.

10. That in arriving at the figures set out in PARAGRAPHS 8 and 9 above, the court did not consider the house payments and hospitalization policy which the plaintiff is paying.

11. The plaintiff has since the action of July 27, 1966, remarried and has one child by that marriage. His present wife has three children by a previous marriage and she is receiving THREE HUNDRED ($300.00) DOLLARS per month in support of those children from their father."

Plaintiff excepted to all the findings except 1, 2, 3, 6 and 11.

Upon the facts found, the court made the following con-
clusions of law, to each of which plaintiff excepted:

"1. The plaintiff's motion to reduce his support payments
for his children should not be allowed in that he has not
shown a change of circumstances and he has not shown
that the monetary needs of the two minor children have
been decreased below TWO HUNDRED ($200) DOLLARS per
month for both together even though on July 27, 1966,
he was required to support four children. The court con-
cludes that the support heretofore allocated and spread
out for the support of four children should now be divided
among the two since they require at least that much.

2. The defendant's motion to increase the support pay-
ments should be allowed in that she has shown a change
of circumstances in that: (a) the plaintiff is now making
at least TEN THOUSAND ($10,000.00) DOLLARS per year
gross more than he was making at the time of the original
order; (b) the monetary needs of the two remaining minor
children now exceed that which was needed to support the
four children on July 27, 1966; and (c) the defendant's abili-
ty now to meet these children's needs over and above what
the plaintiff was required to provide has greatly dimin-
ished, not so much from a decrease in her income, but to a
drastic increase in these two children's needs as well as
her own.

3. The plaintiff is fully able to pay the sum of TWO HUN-
DRED ($200.00) DOLLARS per month for the support of the
child Susan Andrews plus all her reasonable medical, dental
and drug bills. Considering the needs of this child and the
respective income of the plaintiff and the defendant and
their particular circumstances as to expenses, this sum
plus all reasonable medical, dental and drug bills is fair
and reasonable and the amount which the plaintiff is re-
quired to pay for the support of this child should be in-
creased to this amount.

4. The plaintiff is fully able to pay the sum of TWO HUN-
DRED ($200.00) DOLLARS per month for the support of the
child Christy Andrews plus all her reasonable medical,
dental and drug bills. Considering the needs of this child
and the respective income of the plaintiff and the defend-

ant and their particular circumstances as to expenses, this sum plus all reasonable medical, dental and drug bills is fair and reasonable and the amount which the plaintiff is required to pay for the support of this child should be increased to this amount.",

and entered the following order:

"THEREFORE, IT IS ORDERED that paragraph 1 of the Order in this cause dated July 27, 1966, is hereby amended and that the plaintiff pay to the defendant:

1. The sum of TWO HUNDRED ($200.00) DOLLARS each month for the support of the child Susan Andrews and upon demand pay all her reasonable medical, dental and drug bills.

2. The sum of TWO HUNDRED ($200.00) DOLLARS each month for the support of the child Christy Andrews and upon demand pay all her reasonable medical, dental and drug bills.

IT IS FURTHER ORDERED that the plaintiff pay to the defendant the sum of THREE HUNDRED ($300.00) DOLLARS as an attorney's fee for the defendant's attorney."

Plaintiff excepted to each numbered paragraph of the order.

[1] Of the 31 assignments of error noted by plaintiff in the record, he fails to bring forward and set out in his brief those numbered 1, 2, 3, 4, 26, 28, 29, 30, and 31. Under Rule 28, Rules of Practice in the Court of Appeals of North Carolina, these are deemed abandoned. Those set out and argued in his brief are argued under seven general headings. For the sake of brevity and clarity, we shall follow the same procedure used by plaintiff and adopted by defendant in her brief.

[2, 3] Plaintiff first contends that the order failed to comply with the statutory standard of G.S. 50-13.4. His argument is apparently directed to section (c) thereof which provides:

"Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case."

Defendant testified at length and in detail with respect to the needs of the children—both in 1966 and currently. She testified that she had budgeted her income (from her job, the alimony payments, and the child support payments) for the needs of the children and herself, and allocated to the children certain portions of each item such as food, clothing, dental care, medicines, transportation, school expenses, utilities, church contributions, etc. With respect to 1971, she testified "I have computed a budget for 1971, and I arrived at a figure according to what it is costing me right now." Plaintiff argues that the evidence of defendant as to what she "budgeted" and "allocated" in 1966 and 1971 is insufficient for the court to find the amount of "estimated monthly expenses" of each child "to maintain her at her accustomed standard of living at the present time." We find this argument without merit. Defendant testified "According to my budget, that I have very, very carefully worked out, I need $557.00 a month for the children. That would cover what it is actually costing me to take care of them." It is obvious from the evidence that defendant had kept accurate records of her expenses to meet the reasonable needs of the children for health, education and maintenance. It is equally obvious that her salary and the alimony payments had been used, in large measure, to supplement the support payments made by plaintiff. The evidence was uncontradicted that plaintiff had, for at least the year preceding the filing of defendant's motion, reduced the support payments to $140 per month. The evidence was also uncontradicted that defendant's take home pay was slightly less in 1971 than in 1966, although her gross pay had increased; and that plaintiff's salary in 1966 was approximately $20,000 and in 1971 is $30,000 with take home pay of "around $24,000.00." The evidence was, and the court found as a fact, that plaintiff had remarried and had a child by his second wife and that also living in his home are the three children of his present wife by her former husband, who contributes $300 per month to their support. We think the evidence with respect to the amount necessary "to meet the reasonable needs of the child for health, education, and maintenance" was plenary, and that the order entered reflected the fact that the court considered "the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case." We agree that it would be the better practice for the court's order to relate that the payment ordered is the amount necessary to meet the reasonable needs of the

child for health, education, and maintenance. Nevertheless, the failure of the court to do so, certainly in this case, does not constitute reversible error.

[4]  Plaintiff next contends that the court erroneously failed to consider the change of conditions of the husband. Plaintiff did not offer any evidence but was called as a witness by defendant. He testified that his salary had increased by some $10,000, that his disability payments as a veteran had increased, his salary as a teacher at Duke had decreased, and his dividend income had not increased. He further testified that he had remarried and that he lived with his present wife, their child, and three children of his wife by her previous marriage for whom their father paid $300 per month support, and that defendant lived in the house which he provided when they were married and that only two of the children were under 18 and living with her. On his motion to reduce his support payments, plaintiff failed to carry his burden of proof. On defendant's motion to increase, plaintiff points to nothing which indicates the court failed to consider the change of circumstances of plaintiff. Indeed, it is obvious from the record and from plaintiff's own evidence that the plaintiff was paying to defendant for the year preceding this hearing some $2,000 less than he was paying in 1966 although his salary had increased by some $10,000.

[5]  Plaintiff also argues that the order entered is ambiguous and that it did not clearly state whether plaintiff is to continue house payments and insurance and further that the court "did not consider these items." The record contains what is denominated "statement of case on appeal." We find therein the following: "The District Court judge's order changed only paragraph 1 of the order of Superior Court Judge W. A. Johnson dated July 27, 1966, thereby leaving the remaining portions of that order in full force and effect, including the requirement that plaintiff husband make house payments." On 19 July 1971 plaintiff, through counsel, "stipulated and agreed that the foregoing shall constitute the record, the agreed statement of Case on Appeal, and the Assignments of Error to the North Carolina Court of Appeals." Plaintiff's argument is not tenable.

[6]  Plaintiff next argues that the court's findings of fact and conclusions of law ignored the separation agreement entered into between the parties and that the award amounts to an

invalid award of alimony after a divorce. This hearing was had upon a motion by defendant that the court increase the *payments ordered by the court by its order of 27 July 1966,* upon allegations of change of circumstances and upon motion by plaintiff that the court decrease the payments ordered by the court in its order of 27 July 1966, also upon allegations of changed circumstances. Both the separation agreement and Judge Johnson's order were before the court. Plaintiff candidly concedes that separation agreements are not final and binding as to child support payments. Neither party attempts to set aside the separation agreement, nor change any portion of it except the provision with respect to payments for support of the children, nor have the parties or the court ignored its provisions.

> "The provisions of a valid separation agreement, including a consent judgment based thereon, cannot be ignored or set aside by the court without the consent of the parties. Such agreement, including consent judgments based on such agreements with respect to marital rights, however, *are not final and binding* as to the custody of minor children or *as to the amount to be provided for the support and education of such minor children.*" (Emphasis added.) *Hinkle v. Hinkle,* 266 N.C. 189, 195, 146 S.E. 2d 73, 77 (1966).

Judge Johnson's order contained four numbered paragraphs. Paragraph one set the amount of monthly payments for the children. Paragraph two provided for use and occupancy of the home by defendant and the children and directed plaintiff to make the house payments. This paragraph referred to Article III of the separation agreement. Paragraph three directed plaintiff to maintain hospitalization insurance on his children until otherwise ordered by the court. Paragraph four taxed the costs to plaintiff. The order entered which is the subject of this appeal specifically states that it amends only paragraph one of Judge Johnson's order.

[7] Assignment of error No. 29, raising the question of whether the order amounts to an award of alimony after a divorce, is not brought forward in the brief and is deemed abandoned. Although plaintiff argues this contention under other assignments of error, we find it to be without merit. There is evidence that defendant, while she could, used her own funds—from her work and alimony—to supplement the children's support.

There is also evidence, uncontradicted, that although defendant's own needs and expenses have increased her take home income has decreased, and she can no longer devote the major portion of her income to the children. "In cases of child support the father's duty does not end with the furnishing of bare necessities when he is able to offer more, . . . " *Crosby v. Crosby*, 272 N.C. 235, 237, 158 S.E. 2d 77, 79 (1967).

[8] Plaintiff next argues that the court failed to set monetary amounts for the house payments, house repairs, car expense, or medical expense. Again, we note that the order appealed from amends only paragraph one of Judge Johnson's order, leaving in full force and effect the balance of the order with respect to the house and hospitalization insurance. We do not see how the court could have ordered the payment of a fixed dollar amount for medical expenses. Surely the court is not clairvoyant, nor should the plaintiff expect to pay up to a certain amount for dental and medical expenses regardless of the additional amount which might be necessary. The separation agreement provided $200 per month alimony and this is not changed by either order. The order specifies $200 per month for the support of each child. The court has complied with the provisions of G.S. 50-13.4.

[9] Plaintiff contends that the court awarded attorney's fees without a finding of fact that defendant is a dependent spouse with insufficient means to defray the expense. Plaintiff does not contend that the amount is unreasonable and candidly states that standing alone, this alleged error would not be sufficient to award a new trial. Under G.S. 50-13.6 the court may, in its discretion, in an action for support of a minor, allow reasonable attorney's fees to a dependent spouse. Here there was sufficient evidence of dependency but under the circumstances of this case defendant could not be the dependent spouse of plaintiff. We think the statement of the Court in *Teague v. Teague*, 272 N.C. 134, 157 S.E. 2d 649 (1967), is applicable:

> "Plaintiff's application for a modification of Judge Armstrong's order was necessitated by defendant's refusal to consider plaintiff's request for additional support for the children. Having thus forced her to apply to the court to secure for his children the support to which they are entitled, defendant cannot justly complain at being required to assist in the payment of plaintiff's necessary counsel fees."

The amount which plaintiff should pay to defendant for the support of the children was a matter for the trial judge's determination, reviewable only in case of abuse of discretion. *Teague v. Teague, supra.* We find no abuse of discretion. It appears that the court properly considered the needs of the children and the ability of the father to provide for those needs. The facts found are supported by competent evidence and are binding on this Court.

We find no prejudicial error warranting a new trial.

Affirmed.

Judges BRITT and PARKER concur.