IN THE MATTER OF: THE CUSTODY OF MELVIN LEE COX, JR., SUSAN DIANNE COX AND JAMES EARL COX

No. 7319DC176

(Filed 28 March 1973)

1. Infants § 9— child custody proceeding — review of court's decision

Decision of the trial court awarding custody of minor children to the Department of Social Services rather than to the mother is not disturbed on appeal, absent a clear showing of abuse of discretion.

2. Costs § 1; Infants § 9— child custody proceeding — costs and counsel fees

Respondent in a child custody proceeding was not entitled to an award of counsel fees or to have court costs taxed against petitioner father where respondent introduced no evidence with respect to her dependent status or inability to defray the expenses of the suit and where she was not the party for whom judgment had been given. G.S. 50-13.6; G.S. 6-1.

3. Appeal and Error § 21— denial of request for information — no re-review on appeal

Challenge by respondent in a child custody proceeding to the trial court's denial of her request that the Department of Social Services turn over to her the entire record relating to its investigation of her children was not before the court on appeal.

APPEAL by respondent from *Sapp, Judge,* 25 September 1972 Session of RANDOLPH County District Court.

Respondent appealed from an order of the trial court entered 28 September 1972 in which the court refused to revoke and rescind an order of 31 August 1972 awarding the custody and tuition of her two minor children, James Earl Cox and Susan Dianne Cox, to the Department of Social Services and in which the trial court refused to restore custody of the children to respondent. A third child of respondent, Melvin Lee Cox, is not involved in this appeal. The order appealed from is the last in a series arising out of custody proceedings begun in 1961 by petitioner father, now divorced from respondent mother.

This cause was heard upon motion of respondent mother filed 19 September 1972, alleging that fraud had been perpetrated upon the trial court in that the two minor children, at the coercion of representatives of the Department of Social Services and the petitioner father's family, had perjured themselves at hearings held on 17 July 1972 and 31 August 1972. At the hearing upon respondent's motion, the two minors involved testified that they had lied to the court at the prior hearings in testifying that respondent mother had cruelly beaten them and that she had failed to provide them with adequate medical attention. Also, respondent introduced into evidence five letters allegedly written by James Earl Cox, four of which were addressed to respondent and a fifth to a "Lawyer or Judge," all allegedly written from the Junior Order Children's Home in which James Earl Cox and Susan Dianne Cox had been placed pursuant to the trial court's order of 31 August 1972. In the letters, James Earl Cox expressed his love for respondent, his desire to live with her, his regret that he lied to the court as to respondent's treatment of him, and that an employee of the Department of Social Services had forced him to lie to the court.

No evidence was offered on behalf of the Department of Social Services or the petitioner father. At the close of the hearing the trial court made findings of fact and concluded that there was no competent evidence to support a change in the 31 August 1972 order and entered the order from which respondent appealed.

*Bell, Ogburn and Redding, by Deane F. Bell, for petitioner appellee.*

*Ottway Burton for respondent appellant.*

In re Cox

MORRIS, Judge.

G.S. 50-13.2(a) provides as follows:

"An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child."

This provision became effective in 1967 and codified the rule enunciated many times by the North Carolina Supreme Court that in custody cases the welfare of the child is the "polar star" by which the court's decision must be guided. *In Re Custody of Pitts*, 2 N.C. App. 211, 162 S.E. 2d 524 (1968).

Also, "[w]hile this guiding principle is clear, decision in particular cases is often difficult and necessarily a wide discretion is vested in the trial judge. He has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not to be upset on appeal absent a clear showing of abuse of discretion." *Pitts, supra,* p. 212.

With these principles in mind we examine respondent's contention on appeal that the trial judge erred in refusing to return custody of her two minor children in light of the evidence presented at the hearing of 28 September 1972.

[1] In the findings of fact in the order appealed from, the trial judge referred to the order of 31 August 1972 and stated that the court had found as a fact that it was to the best interest and welfare of the children that custody be awarded to the Department of Social Services and that the basis of that finding was grounded upon competent evidence at the hearings. It is clear from the record that the judge hearing the matter on 28 September 1972 was also the judge who heard the matter on 31 August 1972. It is also clear, therefore, that after considering the evidence presented at the hearing of 28 September 1972, the trial judge concluded that no competent evidence had been presented sufficient to warrant the entry of an order changing custody of the children. The court had the opportunity to see the parties in person and to observe their demeanor. His decision ought not to be upset absent a clear showing of abuse of discretion. None has been shown.

---

---

[2] Respondent next contends that the trial court erred in refusing to award her counsel fees for the prosecution of this custody action and in refusing to tax the court costs against petitioner father. G.S. 50-13.6 provides the following:

> *"Counsel fees in actions for custody and support of minor children.*—In an action or proceeding for the custody or support, or both, of a minor child the court may in its discretion allow reasonable attorney's fees to a dependent spouse, as defined in G.S. 50-16.1, who has insufficient means to defray the expenses of the suit."

"Dependent spouse" as defined in G.S. 50-16.1(3) "means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse."

In her motion of 19 September 1972, respondent alleged that she was a dependent spouse. However, she introduced no evidence as to her status or inability to defray the expenses of the suit. We find no merit in her contention.

As to the taxing of court costs, G.S. 6-1 provides that the "party for whom judgment is given" shall be allowed to recover his costs. Respondent certainly does not qualify as the "party for whom judgment is given." This assignment of error is overruled.

[3] Respondent also assigns as error the trial court's refusal to permit respondent's counsel to inspect the files of the Department of Social Services relating to the minors involved in this case. The record indicates that at a "hearing started on July 17, 1972," respondent requested the court to order the Department of Social Services to turn over to her "the entire record relating to the investigation of the Department of Social Services of these children." The request was denied. Entered in the record at that point is the following: "This is Respondent's exception No. 2." No order appears in the record as a result of a hearing started on 17 July 1972. If this hearing was continued and the order entered 31 August 1972 was the order entered, no exception to that order appears, nor did respondent appeal therefrom.

> "[P]roceedings on appeal are ordinarily strictly limited to review of matters directly affecting the judgment, order,

or decree appealed from, and other decisions, whether rendered before or after that directly appealed from, are not before the court." 5 Am. Jur. 2d, Appeal and Error, § 725, pp. 168-169.

The question respondent attempts to raise is not before the Court. This assignment of error is also overruled.

The order of the trial court is

Affirmed.

Judges CAMPRELL and HEDRICK concur.