NEWMAN BROTHERS, INC., PLAINTIFF v. WIND KING MANU-FACTURING COMPANY, DEFENDANT, AND G. H. BUTLER, ADDITIONAL DEFENDANT

No. 7323SC263

(Filed 11 July 1973)

Sales § 17— breach of warranty action — erroneous entry of summary judgment

In this action for breach of warranty against the manufacturer of a trenching machine, there were genuine issues of material fact as to the agency of the seller of the machine for the manufacturer and with respect to the alleged breach of warranty by the manufacturer, and the trial court erred in entering summary judgment against plaintiff.

APPEAL by plaintiff from *Kivett, Judge,* 30 October 1972 Session of Superior Court, WILKES County.

This action was commenced by plaintiff to recover damages from the defendant for an alleged breach of warranty. Additional defendant, G. H. Butler, was joined in the action upon the motion of the defendant. The appeal raises no questions involving the additional defendant.

Defendant, Wind King Manufacturing Company, moved for summary judgment. At the hearing on the motion, the trial

judge considered the record in the cause, the pleadings of the parties, and the deposition of Silas J. Newman, president of the plaintiff corporation.

The foregoing tended to show that the plaintiff is a corporation organized under the laws of North Carolina, having its principal place of business in Elkin, North Carolina. The defendant is a corporation organized under the laws of Iowa, and was the manufacturer of the "Mark 20 Digz-All" trench and ditch digging machine. G. H. Butler sold the trenching machines in North Carolina. On 20 May 1970, Butler sold to Silas J. Newman a Digz-All trenching machine for the amount of $3500. Prior to the purchase of the machine, Butler demonstrated the machine to Newman and represented to Newman that " . . . the hydraulic system and hydraulic pump on the machine was a revolutionary and superior design over all other existing ditch and trench digging machines; and represented to the plaintiff that because of the revolutionary design in the machine's hydraulic systems, the machine had been designed and manufactured as a light weight compact unit which was easy to transport . . . , yet the same horsepower and digging capacity of much larger and heavier machines. . . . "

At the time of purchase, Newman also received a written warranty reading as follows:

"Digz-All Trenchers are manufactured with the best materials by skilled workmen under supervised quality control. Therefore, the manufacturer guarantees warranty on material and workmanship for a period of 90 days from the date of purchase. Except on expendable items such as teeth, belts, chain, etc., which are subject to normal wear and the engine which is warranted by the manufacturer. Warranty parts must be returned to the factory for credit."

In his deposition, Mr. Newman testified that, " . . . Mr. Butler told me, that . . . you only used the amount of oil that was required to manipulate the machine, and therefore, the overheating problem had been resolved and it was a revolutionary break-through in hydraulics. . . . As far as I was concerned, it was revolutionary. And that's how it was represented to me as being. The power unit itself supplies power to the pump and the pump itself delivers the transporting of the machine. Everything that it does is done by the hydraulic motor.

" . . . The part of [the] machine that I have had my major problem with is what was represented to me as being the heart

of the machine—this revolutionary hydraulic pump. . . . The wheels wouldn't turn. It wouldn't crawl. . . . The problems that I had with this hydraulic pump, it would get where it wouldn't deliver enough horsepower to move the machine out of its tracks. . . . "

Newman further testified that Butler attempted to repair the trenching machine 18 or 20 times, and that before the 90-day written warranty expired Newman told Butler that he wanted a new machine or his money refunded, and that "I waited till they got a factory man there to give them another chance to see what they was going to do. I mean, you know, I tried to be reasonable." The factory representative attempted to repair the machine in September, 1972, but his efforts were also unavailing.

The evidence also tended to show that Butler resided in Raleigh, North Carolina, and that he traveled to plaintiff's place of business to demonstrate the Digz-All trenching machine. Newman testified in his deposition that Butler " . . . demonstrated this machine to me and represented himself as being a representative of Digz-All Trencher Manufacturing Company [a division of Wind King Manufacturing Company]. He never represented himself to me as being a dealer or an independent contractor. He was a salesman for or a representative of the manufacturer. . . . " In the complaint, the plaintiff alleged, in paragraph four:

> "That on the 20th day of May, 1970, when G. H. Butler of Raleigh, North Carolina, sold to the plaintiff the Mark 20 Digz-All trench and ditch digging machine, that he was acting as the agent of the defendant, Wind King Manufacturing Company and as a distributor and agent in the State of North Carolina while engaged in the business of the defendant as the employee and agent and distributor of the defendant and on the 20th day of May, 1970, made the sale to the plaintiff while acting within the course and scope of such agency and employment."

From summary judgment entered against the plaintiff on 30 October 1972, the plaintiff appealed to the Court of Appeals, assigning error.

*Franklin Smith for plaintiff appellant.*

*Finger and Park, by Daniel J. Park, for defendant appellee.*

MORRIS, Judge.

Upon the record before us, it is clear that there are genuine issues of material fact in regard to the agency of the additional defendant Butler for the corporate defendant, and also with respect to the alleged breach of warranty by the corporate defendant. Summary judgment is proper only where there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). Therefore, it was error for the trial judge to enter summary judgment in this case, dismissing the plaintiff's claim.

The judgment entered is

Reversed.

Judges CAMPBELL and PARKER concur.