GEORGIA L. BOULWARE v. BROOKS L. BOULWARE

No. 7421DC658

(Filed 18 September 1974)

1. **Divorce and Alimony § 23— provision of shelter as child support**

Child support is not restricted to monetary payments but may include the provision of shelter for the child; therefore, the trial court properly awarded the plaintiff, who was given custody of the minor children of the parties, exclusive possession of the homeplace until the youngest child reaches majority.

2. **Divorce and Alimony § 22— child support case — award of counsel fees proper**

Trial court did not err in awarding counsel fees in this child support case.

APPEAL by defendant from *Henderson, Judge,* 11 March 1974 Session of District Court held in FORSYTH County.

This is an action for absolute divorce on ground of one-year separation, and for custody of and support for the four minor children of the parties. In his answer, defendant admitted the allegations of the complaint relating to the divorce, number of children, his ability to support them, and their need of support from him. However, by further answers he alleged that he was providing adequate support for the children, that a court order was not necessary, and that he should not be required to pay any fees for plaintiff's counsel. He asked that the divorce be granted, that plaintiff be awarded custody of the children, but that her demand for child support and counsel fees be denied.

The cause was heard without a jury after which the court entered judgment making findings of fact and conclusions of law and granting plaintiff the relief which she prayed, including $100 attorney fees for her counsel. Defendant appealed, assigning errors as hereinafter set out.

*White and Crumpler, by Michael J. Lewis, for plaintiff appellee.*

*Carol L. Teeter for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends the court erred in failing to find sufficient facts to support the

Boulware v. Boulware

judgment. We have carefully reviewed the judgment and conclude that the court did find sufficient facts to support it. The assignment of error is overruled.

[1] By his second assignment of error, defendant contends the court erred in awarding plaintiff exclusive possession of the homeplace until the youngest child reaches her majority.

The court found as a fact that plaintiff and defendant owned the homeplace as tenants by the entirety and that plaintiff and the four children had been living there since the parties separated in October 1972. Defendant did not except to this finding. The substance of defendant's contention is that since the statutes, and particularly G.S. 50-13.4 et seq., do not specifically provide that the court may allocate real estate belonging to a parent for the use of minor children, the court has no authority to do so. We reject this contention.

While applicable statutes employ the term "support payments" in several instances, we do not believe the General Assembly intended to restrict child support to monetary payments. For example, in G.S. 50-13.4(b), it is provided that " . . . the judge may enter an order requiring (the father or mother) to provide for the support of the child . . . " without any reference to *payments*. Certainly, shelter is a necessary component of a child's needs and in many instances it is more feasible for a parent to provide actual shelter as part of his child support obligations than it is for the parent to provide monetary payments to obtain shelter. A careful reading of G.S. 50-13.4(f)(2) indicates that the General Assembly contemplated instances in which the court would require "the transfer of real or personal property or an interest therein . . . as a part of an order for payment of support for a minor child . . . " and made provision to compel such transfer. The assignment of error is overruled.

[2] Finally, by his third assignment of error, defendant contends the court erred in awarding counsel fees for plaintiff's attorney. He argues that the court's authority for awarding counsel fees in child support cases is derived from G.S. 50-13.6; that under the statute before the court can award fees it must determine that the interested party has insufficient means to defray expenses of the action, and that the supporting parent had refused to provide adequate support. We find no merit in the assignment. The court made findings as required by the cited statute and, inasmuch as the testimony is not included in

the record on appeal, it is presumed that the findings are supported by competent evidence. *Cobb v. Cobb,* 10 N.C. App. 739, 179 S.E. 2d 870 (1971). In further support of our holding that the court did not err in awarding counsel fees, see *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649 (1967), and *Andrews v. Andrews,* 12 N.C. App. 410, 183 S.E. 2d 843 (1971).

The judgment appealed from is

· Affirmed.

Judges HEDRICK and BALEY concur.