BETTY HOWELL ARNOLD v. BOBBY J. ARNOLD

No. 7628DC293

(Filed 15 September 1976)

1. Divorce and Alimony § 18— alimony pendente lite and child support — separate statement — inapplicability

The requirement of G.S. 50-13.4(e) that allowances for child support and alimony *pendente lite* be stated separately was inapplicable where the court found plaintiff was not a dependent spouse for purpurposes of alimony *pendente lite* and all provisions for support were solely for the benefit of the minor children.

2. Divorce and Alimony § 22; Attorney and Client § 7— child custody and support — award of attorney's fees

The requirement of G.S. 50-13.6 that the court must find that the party ordered to furnish support has refused to provide adequate support in order for attorney's fees to be awarded applies only in support actions and not in custody or custody and support actions.

3. Divorce and Alimony § 23— child support — possession of home

The award of possession of the home owned by the parties as tenants by the entirety to the wife and minor children for the benefit of the minor children did not constitute a writ of possession and was proper.

APPEAL by defendant from *Allen, Judge.* Judgment entered 23 March 1976 in District Court, BUNCOMBE County. Heard in the Court of Appeals 26 August 1976.

In this action, instituted 25 April 1974, plaintiff seeks a divorce from bed and board, alimony, and custody of and support for the minor children of the parties. In his answer, de-

fendant asks that plaintiff's action be dismissed and that he be granted a divorce from bed and board.

Following a hearing on a motion by plaintiff for temporary alimony and other relief, the court made findings of fact and conclusions of law and entered an order providing: (1) that plaintiff have custody of the children with specified visitation privileges in the defendant; (2) that the plaintiff and minor children have possession and control of the house and furnishings "for the benefit of the children"; (3) that plaintiff have possession and use of a 1969 Buick station wagon; (4) that defendant pay the reasonable and necessary expenses of maintaining the children, including the house payment, medical and dental expenses, medical and dental insurance coverage, maintenance of the home including the fuel bill, insurance on the automobile, and $300 per month; and (5) that defendant pay plaintiff's attorney $500. From this order, defendant appealed.

*Gray, Kimel & Connelly, by David G. Gray, for plaintiff appellee.*

*Riddle and Shackelford, P.A., by Robert E. Riddle, for defendant appellant.*

BRITT, Judge.

[1]  Defendant states his first question thusly: "Did the court err in ordering the payment of child support without determining the needs of the children as distinguished from the needs of the plaintiff and the minor children jointly?" We answer in the negative.

Defendant relies upon G.S. 50-13.4(e) which in its last sentence provides that "[i]n every case in which payment for the support of a minor child is ordered and alimony or alimony pendente lite is also ordered, the order shall separately state and identify each allowance." This provision of the statute is inapplicable to the present case. The court found that plaintiff was not a dependent spouse for purposes of alimony pendente lite. No alimony was awarded and all provisions for support are solely for the benefit of the minor children.

[2]  Defendant next contends that the award of counsel fees for plaintiff's attorney was improper under G.S. 50-13.6 which requires that "[b]efore ordering payment of a fee in a support

Arnold v. Arnold

action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances. . . . " We find no merit in this contention. The Supreme Court has recently held that the requirement of a finding that the party ordered to pay support has refused to provide support applies only in support actions and not in *custody* or *custody and* support actions. *Stanback v. Sanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975). The motion in the present case was for both custody and support; therefore, no finding of refusal to support was required.

[3]   Finally, defendant contends that the trial judge erred in awarding possession and control of the home owned by the parties as tenants by entirety, to the plaintiff and minor children for the benefit of the minor children. Defendant argues that the award of the home as a part of child support constituted a writ of possession which is allowable under G.S. 50-17 only when the wife is entitled to alimony or alimony pendente lite. This contention is without merit. The award of the homeplace did not constitute a writ of possession and this court has specifically held that the trial judge may award exclusive possession of the homeplace, even though owned by the entirety, as a part of support under G.S. 50-13.4. *Boulware v. Boulware*, 23 N.C. App. 102, 208 S.E. 2d 239 (1974). "Certainly, shelter is a necessary component of a child's needs and in many instances it is more feasible for a parent to provide actual shelter as a part of his child support obligations than it is for the parent to provide monetary payments to obtain shelter." 23 N.C. App. at 103, 208 S.E. 2d at 240.

The judgment appealed from is

Affirmed.

Judges HEDRICK and MARTIN concur.