JULIA LUCILLE BURNS MARTIN v. ELVIN RAY MARTIN

No. 7721DC221

(Filed 21 March 1978)

**1. Divorce and Alimony § 24.1— child support—determination of amount**
 Findings and conclusions of the trial court were sufficient to support its order of child support and substantially complied with the statutory standard set forth in G.S. 50-13.4(c) where the court made findings as to expenses of the children in question, the net salaries of the parties, the weekly payments of the plaintiff, and the parties' ownership of a home by the entireties, and, based

upon these findings, the trial court concluded that the child support ordered was consistent with the needs of the minor children and the ability of defendant to provide for those needs.

**2. Divorce and Alimony § 24.1— child support—possession of house as part of order**

The trial court did not err in awarding possession of a home, owned by the parties as tenants by the entirety, to plaintiff as part of child support, since possession of real property may be awarded as part of child support in this State, and the trial court found the home to be a fit and proper place for the children to reside and found that the award of possession of the home and furnishings in addition to total cash payments for support of $331 per month did not exceed the children's necessary expenses of $390 per month.

**3. Husband and Wife § 15.1— estate by entireties—possession by husband—common law abrogated by statute**

To the extent that the General Assembly's will, as expressed in G.S. 50-13.4 which provides for the awarding of possession of a home as part of child support, conflicts with the common law principle that the husband is entitled to exclusive possession of entirety property, the common law has been abrogated and supplanted.

APPEAL by defendant from *Yeager, Judge.* Judgment entered 23 November 1976 in District Court, FORSYTH County. Heard in the Court of Appeals 18 January 1978.

Plaintiff wife initiated this action on 2 August 1976 seeking custody of the two minor children, counsel fees, child support, and possession "of appropriate properties of the parties" as part of the child support. A hearing was held on 15 November 1976, but none of the testimony or evidence from that hearing is included in the record on this appeal. Only the findings and order of the trial court dated 23 November 1976 are the subject of this appeal. The findings of the trial court are summarized as follows:

The plaintiff and defendant were lawfully married in Forsyth County on 1 April 1967, and both were citizens and residents there for more than six months prior to commencement of this action. The parties separated on 2 August 1976, and from that date the plaintiff had custody of the younger of the two minor children and properly attended to the child's needs. Both parties had custody of the other minor child from time to time, and both had properly attended to this child's needs. The parties each stipulated as to the good moral character and fitness of the other to exercise custody and/or visitation privileges relative to the children.

The defendant's net pay, after taxes, was $200 per week. The plaintiff's net pay after taxes was $172 per week less $55 per week for credit union payments on her car and money borrowed for the home. The expenses of the minor children were found to include:

| | |
|---|---|
| baby-sitting | $ 17 per week |
| groceries | 20 per week |
| lunches | 5 per week |
| transportation | 8 per week |
| school tuition | 25 per week |
| shelter | 100 per month |
| utilities | 30 per month |
| clothing | 35 per month |

Additionally, the court found that the parties owned, as tenants by the entirety, a home which was a fit and proper place for the children to reside.

Upon the foregoing findings, the trial court concluded that the best interests of the children would be served by awarding custody of both children to the plaintiff, and that she should be awarded possession of the home and its furnishings as part of child support. The defendant should pay as additional child support the $191 per month house payment plus $35 per week. The court also concluded, "that the beforementioned child support is consistent with the needs of the minor children herein and the abilities of the defendant to provide for said needs."

Based upon its findings and conclusions, the trial court ordered custody of the children awarded to the plaintiff together with possession of the home and furnishings as part of the child support. The trial court also ordered that the defendant, as part of child support, pay $35 per week and make the $191 per month payments on the home. From this order the defendant appeals.

*White and Crumpler, by Michael J. Lewis, and A. Lincoln Sherk, for defendant appellant.*

*John F. Morrow, for plaintiff appellee.*

MITCHELL, Judge.

[1]  The defendant appellant contends that the court erred, as its findings and conclusions were insufficient to support the order.

He first contends that the trial court "abused its discretion in ordering him to make support payments for the two minor children amounting to $342.67 per month," since the court found their expenses to be only $240 per month with $100 of that amount specifically designated for shelter.

Here the defendant appellant has confused the content of the order as stated in the record. The trial court found that "the expenses of the minor children include," a total of $390 per month. The defendant appellant was ordered to pay the $191 per month house payments, and an additional $35 per week child support, a total of $331 per month child support.

Paragraph (c) of G.S. 50-13.4 states that "[p]ayments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case." As the record on appeal is limited to the pleadings of the parties and the order of the court, we must presume the court's findings were supported by competent evidence, and they are conclusive on appeal if sufficient. *Cobb v. Cobb*, 10 N.C. App. 739, 179 S.E. 2d 870 (1971). The only issue presented for our determination, therefore, is whether the findings and conclusions were sufficient to support the order. We hold the findings and conclusions here were sufficient to support the order.

The trial court, in its findings, listed expenses which the necessities of the minor children would require. The trial court made additional findings of fact as to the net salaries of the plaintiff and defendant, the weekly payments of the plaintiff, and that they were owners of a home by the entirety. The trial court then concluded that child support consisting of the $191 monthly house payment together with possession of the homeplace and an additional payment of $35 per week was "consistent with the needs of the minor children herein and the abilities of the defendant to provide for said needs."

In *Andrews v. Andrews*, 12 N.C. App. 410, 183 S.E. 2d 843 (1971), which involved an appeal from a hearing and order on a motion in the cause to increase child support payments, we dealt with a contention that the order failed to comply with the

statutory standard of G.S. 50-13.4(c). In that case, as here, the trial court's findings related to the father's and mother's net take-home pay and the necessary expenses of the minor children. The findings of the trial court in *Andrews* concerning the necessary expenses of the children were even less detailed than those in the present case. Based upon its findings, the trial court in *Andrews* concluded, *inter alia,* that the amounts found were in fact needed for child support and that:

> The plaintiff is fully able to pay the sum . . . for the support of the child . . . plus all her reasonable medical, dental and drug bills. Considering the needs of this child and the respective income of the plaintiff and the defendant and their particular circumstances as to expenses, this sum . . . is fair and reasonable . . . .

12 N.C. App. at 415, 183 S.E. 2d at 846.

Here, as in *Andrews,* we find that the order reflected the fact that the trial court complied with the mandate of G.S. 50-13.4 and considered "the estate, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case." We reemphasize our suggestion in *Andrews* that:

> [I]t would be the better practice for the court's order to relate that the payment ordered is the amount necessary to meet the reasonable needs of the child for health, education, and maintenance. Nevertheless, the failure of the court to do so, certainly in this case, does not constitute reversible error.

12 N.C. App. at 417-418, 183 S.E. 2d at 848.

We find the reasoning of *Andrews* compelling in this case. The findings here revealed the take-home pay of both parties and a detailed list of expenses of the minor children. Based upon these findings, the trial court concluded that the child support ordered was "consistent with the needs of the minor children herein and the abilities of the defendant to provide for said needs." These findings and conclusions, while not ideal, substantially comply with the statutory standard set forth in G.S. 50-13.4(c).

[2] The defendant further contends that the trial court committed error in awarding possession of the home, owned by the par-

ties as tenants by the entirety, to the plaintiff as part of child support. We do not agree. We have previously rejected the contention that our courts may not award possession of real estate as a part of child support. *Arnold v. Arnold*, 30 N.C. App. 683, 228 S.E. 2d 48 (1976). We have specifically stated that:

> Certainly, shelter is a necessary component of a child's needs and in many instances it is more feasible for a parent to provide actual shelter as part of his child support obligations than it is for the parent to provide monetary payments to obtain shelter. A careful reading of G.S. 50-13.4(f)(2) indicates that the General Assembly contemplated instances in which the court would require "the transfer of real or personal property or an interest therein . . . as a part of an order for payment of support for a minor child . . ." and made provision to compel such transfer.

*Boulware v. Boulware*, 23 N.C. App. 102, 103, 208 S.E. 2d 239, 240-241 (1974).

The trial court in this case made findings that the expenses of the minor children include $100 per month for the purpose of shelter, and that the "said homeplace is a fit and proper place for the children to reside in." The trial court also found the expenses of the minor children to be $390 per month. Therefore, the award of possession of the homeplace and furnishings in addition to total cash payments for support of $331 per month does not exceed the necessary expenses for the children. This is particularly true as part of each such monthly cash child support payment will consist of the $191 per month mortgage payment which will build equity in the property owned by the parties as tenants by the entirety. For these reasons, we find the trial court's award of child support was within its discretion and not to be disturbed absent a gross abuse of discretion not present in this case. *Coggins v. Coggins*, 260 N.C. 765, 133 S.E. 2d 700 (1963); *Wyatt v. Wyatt*, 32 N.C. App. 162, 231 S.E. 2d 42 (1977); *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E. 2d 522 (1975).

The defendant contends that *Boulware* is distinguishable from the present case. In support of this argument, he points out that there were no findings by the trial court as to who was in possession of the home in the present case or that the home itself was specifically needed for support of the children. The trial court

did specifically find the home to be a "fit and proper place for the children to reside," and that the expense of sheltering the children alone was $100 per month. Based upon these findings, the trial court concluded the plaintiff should we awarded possession of the home as part of the child support, and that the child support awarded was consistent with the needs of the minor children. We hold these findings and conclusions to be sufficient to support the award.

[3]   The defendant, relying upon *Hinton v. Hinton*, 17 N.C. App. 715, 195 S.E. 2d 319 (1973), contends that, under the common law, the husband is entitled to the exclusive possession of property owned by the parties as tenants by the entirety until their absolute divorce converts the estate into a tenancy in common. We find *Hinton* easily distinguishable, however, as that case in no way dealt with questions of child support. As pointed out, we have previously held that the General Assembly has made statutory provisions for awarding possession of a home as a part of child support. This is true without regard to whether the parties are divorced. To the extent the General Assembly's will, as expressed in G.S. 50-13.4, conflicts with the common law principle that the husband is entitled to exclusive possession of entirety property, the common law has been abrogated and supplanted. *See McMichael v. Proctor*, 243 N.C. 479, 91 S.E. 2d 231 (1956); *State v. Mitchell*, 202 N.C. 439, 163 S.E. 581 (1932).

The defendant made other arguments based on statutory provisions for awarding alimony or alimony *pendente lite* not applicable under these facts. We have carefully reviewed each of these contentions and find them without merit.

The judgment appealed from is

Affirmed.

Judges MORRIS and CLARK concur.