RUTH MAE ROGERS v. CURTIS ROGERS

No. 7817DC261

(Filed 6 February 1979)

**1. Divorce and Alimony § 18.3— attorney's fees—amendment of complaint to demand proper**

In an action for permanent alimony, alimony *pendente lite*, and custody and support of children, the trial court did not err in granting plaintiff's motion to amend the complaint to include a demand for attorney's fees.

**2. Divorce and Alimony § 18.16— allegations of inability to pay and dependency—award of counsel fees proper**

Allegations by plaintiff in an alimony and child support action that she was the dependent spouse and that she had insufficient means to support her children during the pendency of the suit were sufficient to support an award of counsel fees to plaintiff.

**3. Divorce and Alimony § 18.16— plaintiff's ability to pay costs of suit—reasonableness of attorney's fees—failure to make findings**

The trial court in an action for alimony erred in failing to make findings as to plaintiff's ability to defray the expense of the suit and in failing to make findings as to the reasonableness of the attorney's fees incurred.

**4. Divorce and Alimony § 25.11— child custody order—sufficiency of findings**

Findings of fact by the trial court that defendant had been convicted of criminal non-support, had willfully refused to provide support during the pendency of this action, and had hit his son with a tire tool and cut plaintiff with a knife during a family quarrel were sufficient to support the court's order granting custody of the children to plaintiff.

**5. Divorce and Alimony § 24.1— child support—determining amount**

In an action for child support, the trial court properly took into consideration defendant's necessary living expenses and properly awarded an abandoned automobile and cut wood, both of minimal value, which were located at the marital home for support of the children.

**6. Divorce and Alimony § 24— child support—possession of homeplace**

In an action for alimony and child support, the trial court did not err in awarding possession of the marital home owned by the parties as tenants by the entirety as part of support.

APPEAL by defendant from *Clark, Judge.* Judgment entered 17 January 1978 in District Court, CASWELL County. Heard in the Court of Appeals in Winston-Salem on 5 December 1978.

Plaintiff filed this action on 30 September 1977 for permanent alimony, alimony *pendente lite*, custody and support for her

two minor children, possession of the marital home and divorce from bed and board. At the close of the *pendente lite* hearing, the court granted plaintiff's motion to amend the complaint to include a demand for counsel fees. The court awarded custody to the plaintiff and exclusive possession of the marital home for the use of plaintiff and her children. Plaintiff was also awarded some cut wood and an abandoned car which were on the marital property to be sold and the proceeds used for the support of the children. Defendant was ordered to pay $500.00 in attorney's fees and $70.00 every two weeks for support.

*Upperman & Johnson by Angela R. Bryant for plaintiff appellee.*

*Bethea, Robinson, Moore & Sands by Alexander P. Sands III for defendant appellant.*

CLARK, Judge.

[1] Defendant first contends that the court erred in granting plaintiff's motion to amend the complaint to include a demand for attorney's fees. G.S. 1A-1, Rule 15(a) provides that leave to amend shall be "freely given when justice so requires." The trial judge has broad discretionary powers to permit amendments to any pleading. *See, Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785 (1954), and the court's ruling is not reviewable on appeal in absence of a showing of abuse of discretion. *Mangum v. Surles,* 12 N.C. App. 547, 183 S.E. 2d 839 (1971), *rev'd on other grounds,* 281 N.C. 91, 187 S.E. 2d 697 (1972). The burden is upon the party objecting to the amendment to set forth the grounds for his objection and to establish that he will be prejudiced if the motion is allowed. *Vernon v. Crist,* 291 N.C. 646, 231 S.E. 2d 591 (1977).

There is no indication that the defendant was prejudiced by the court's order or that the judge abused his discretion in granting plaintiff's motion. Defendant's first assignment of error is overruled.

[2] Defendant contends that the court erred in awarding counsel fees to plaintiff because there was no allegation that plaintiff was unable to "defray the expense of the suit." G.S. 50-13.6. The plaintiff, however, alleged that she was the dependent spouse and

alleged that she had insufficient means to support the children during the pendency of the suit. These allegations are sufficient.

[3] Defendant further contends that the court erred in awarding counsel fees since there was no finding of fact that the plaintiff was unable to defray the expense of the suit. In *Nolan v. Nolan,* 20 N.C. App. 550, 202 S.E. 2d 344, *cert. denied,* 285 N.C. 234, 204 S.E. 2d 24 (1974), this court held that where the trial court failed to make a finding of fact as to the wife's ability to defray the expense of the suit as required by G.S. 50-13.6, the trial court abused its discretion in awarding attorney's fees to the wife. *See also, Roberts v. Roberts,* 38 N.C. App. 295, 248 S.E. 2d 85 (1978); *Lindsey v. Lindsey,* 34 N.C. App. 201, 237 S.E. 2d 561 (1977); *In re Cox,* 17 N.C. App. 687, 195 S.E. 2d 132, *cert. denied* 283 N.C. 585, 197 S.E. 2d 809 (1973). The court erred in failing to make such findings.

Defendant further contends that there were insufficient findings of fact relating to the nature and scope of the legal services rendered by plaintiff's counsel. The court requested and received a detailed affidavit from plaintiff's counsel setting forth the nature of the legal services and the scope of the services. The court, however, failed to make a finding as to the reasonableness of the fees as required by *Lindsey v. Lindsey, supra; Wyatt v. Wyatt,* 32 N.C. App. 162, 231 S.E. 2d 42 (1977); *Rickenbaker v. Rickenbaker,* 21 N.C. App. 276, 204 S.E. 2d 198 (1974), *modified on other grounds* 290 N.C. 373, 226 S.E. 2d 347 (1976); *Austin v. Austin,* 12 N.C. App. 286, 183 S.E. 2d 420 (1971). The court erred in failing to make findings of fact as to the reasonableness of the attorney's fees incurred.

[4] The defendant also contends that the court erred in awarding custody of the minor children to plaintiff because the court failed to find sufficient facts upon which to base the award. See *Austin v. Austin, supra.* We find no merit in defendant's contention. The court found that the defendant had been convicted of criminal non-support on 22 October 1974, that defendant had willfully refused to provide support during the pendency of this action and that on 24 July 1977, defendant hit his son, Curtis, Jr., with a tire tool and cut the plaintiff under the arm with a knife during a family quarrel. Both the plaintiff and her son were treated at the hospital as a result of injuries inflicted by defend-

ant. The court made ample findings of fact to support the order granting custody of the children to the plaintiff. *See In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971); *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133 (1953). Defendant's assignment of error is overruled.

[5] The defendant also contends that the court erred in awarding the type and amount of child support because the court failed to account for defendant's living expenses. In *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963), the trial court awarded support by dividing defendant's wages by the number of his dependents. The North Carolina Supreme Court held that the court erred because the court failed to consider both the needs of the children and the living expenses of the defendant. Here, the court found that the plaintiff had a net income of $65.00 per week and expenses of $520.00 per month, that the house payments were in arrears, that the telephone had been disconnected, and the electricity had been turned off at the homeplace. The plaintiff paid $147.00 to regain electrical service and still owes $300.00 to the telephone company. The court found that defendant's net income was $149.18 every two weeks and ordered defendant to pay $70.00 every two weeks for support. The findings of the court indicate that the needs of all parties were taken into consideration by the trial court.

The defendant also argues that the court erred in awarding the 1969 Buick Electra and the cut wood which were located at the marital home for the support of the children, without making findings of fact as to the value of the property. The court found that the abandoned automobile and the wood were of "some value," clearly indicating that the value of the items was minimal. If the defendant establishes that monies received from the sale of the automobile and wood was substantial then the defendant should notify the court of the amount received by plaintiff from the sale of the items and the court shall reconsider the child support award.

[6] Defendant's fourth contention is that the court erred in awarding the possession of the marital home owned by the parties as tenants by the entireties. Defendant contends that G.S. 50-13.4(e) does not give the court the authority to transfer possession of real property. In *Arnold v. Arnold,* 30 N.C. App. 683, 228

S.E. 2d 48 (1976) and *Boulware v. Boulware*, 23 N.C. App. 102, 208 S.E. 2d 239 (1974), this court held that "the trial judge may award exclusive possession of the homeplace, even though owned by the entirety, as a part of support under G.S. 50-13.4." 30 N.C. App. at 685, 228 S.E. 2d at 50. Defendant's assignment of error is overruled.

That portion of the order relating to the award of attorney's fees is vacated and remanded for the trial court to make findings of fact in regard to the ability of the plaintiff to defray the expenses of the suit and the reasonableness of the attorney's fees incurred.

Affirmed in part, Reversed and Remanded in part.

Judges MITCHELL and WEBB concur.